CHIEF JUSTICE SIMPSON
beuvered the opinion or the court:
The validity of the award which was returned in this case is the first question to be decided. If it be valid, then the court below erred in setting it aside, and all the subsequent proceedings in the cause are unauthorized and erroneous.
The principal exception taken to the award, and the one which was sustained by the court, is, that the certificate of the officer before whom the arbitrators were sworn does not show that the oath prescribed by the statute was administered.
The certificate referred to was returned with the award, and states that the persons named as arbitrators and umpire personally appeared and “ made oath according to law, that they would faithfully discharge the duty devolved upon them as arbitrators and umpire.”
The form of the oath prescribed by the statute is, that they will “ decide the controversy to them submitted, according to law and evidence and the equity of the case, to the best of their judgment, without favor or affection.”
*627 To decide in tbis manner is a duty which the law devolves upon them; and an oath that they will faithfully discharge •their duty as arbitrators, is virtually an oath that they will decide the controversy according to the law and evidence and the equity of the case.
Mere formal objections to awards should be disregarded. The settlement of controversies by arbitration is favored by law, and should be encouraged by sustaining awards, notwithstanding they may be liable to technical and formal objections, which do not affect the substantial rights of the parties.
The oath which was taken by the arbitrators in this case, if it only required them to discharge the duty which the law devolved upon them, although not a literal, was a substantial compliance with the requisitions of the statute. But the certificate states that they made oath according to law. If it had contained no other statement, the legal presumption would have been that they had taken the oath prescribed by the statute. If, however, the ensuing part of the certificate should be regarded as showing the oath which was actually administered to them, still-we are of opinion that they were bound by that oath to decide the controversy according to the law and evidence and the equity of the case, and consequently that the oath as administered was sufficient.
The other exceptions to the award were entirely formal, and applied to such matters merely as did not affect the substantial rights of the parties.
Wherefore, the judgment is reversed, and cause remanded with directions to overrule the exceptions to the award, and to render judgment thereon in favor of the appellant.