## B. J. FOREMAN *v.* ISAIAH YOCUM.

**Partnership Contract—Suit Between Partners—Issue of Facts Referred to Commissioner—Power of Commissioner.**

> Where in a suit between partners issues of fact are referred to a commissioner, he is not authorized to hear proof of or to report claims which have not been set up by appropriate pleadings.

**Parol Testimony.**

> It is a general rule that parol testimony will not be received to contradict, vary, add to or subtract from the terms of a valid written instrument, without first by appropriate averments laying a foundation for the admission of this character of testimony such as fraud or mistake, or that the writing was by some improper or illegal means obtained.

### APPEAL FROM SPENCER CIRCUIT COURT.

### March 31, 1877.

OPINION BY JUDGE PRYOR:

There was a suit in equity to settle a partnership in retailing liquors. The appellant (defendant below) set up in his answer, among other things, that, being all the time a licensed tavern keeper,

he had boarded the appellee from December 23, 1865, to the date of filing his answer, a period of 436 weeks, which was reasonably worth the sum of $3.50 per week, amounting to the sum of $1,526, for which he prayed judgment. The cause was referred for a settlement of the partnership accounts, and certain matters growing out of the joint ownership of a tavern house in which appellant had kept a tavern, and in which the partnership business had been carried on.

The commissioner reported a settlement, in which he included the appellant's claim for board, and certain claims in favor of the appellee which were unconnected with the partnership business, and were not set up in any pleading in the cause.

Exceptions were filed by each party and the cause was submitted. At the next term of the court, the cause being still under submission, the appellee moved the court to set aside the submission and allow him to file a reply, which was done, and the cause was again submitted and judgment rendered at that term. The appellant objected to the order setting aside the submission, and to the filing of a reply, but his objections were overruled and he excepted; he also objected to the resubmission of the cause after the reply was filed, but he was again overruled and again excepted, and prosecutes this appeal.

In his reply the appellee controverted the claim asserted against him for board because he said "that at the time of the original contract (of partnership) between plaintiff and defendant it was agreed as a part of same that defendant should board and lodge this plaintiff during the existence of their said partnership without charge therefor. It was so agreed and understood between them in consideration of said contract." Before the reply was filed, proof tending to establish the agreement as above was taken, and because of said alleged agreement the court disallowed the claim for board.

Until the reply was filed the claim stood confessed, and it was therefore error to resubmit the cause at the same term at which the reply was filed. The commissioner also reported certain claims preferred by the appellee on account of debts which he claimed to have paid for the appellant, but which had no connection with the partnership, and were not set up in any pleading in the cause. Although these claims were excepted to the exceptions were overruled and the report as to them was confirmed. The commissioner had no authority to hear proof of or to report such claims, and not having been set up by appropriate pleading they should have been rejected by the commissioner, and the appellant's exceptions to them should have been sustained. It is maintained by counsel for the appellant that

the defense relied on to defeat his claim against the appellee for board is unavailing, because their contract of partnership was reduced to writing, and by its terms no obligation was imposed on appellant to board the appellee free of charge. The position is well taken, and to permit parol proof to increase the liability of the appellant would be to violate the well settled doctrine that if a contract be reduced to writing parol evidence is inadmissible in the absence of an allegation of fraud or mistake to vary or contradict its stipulations. The application of this rule is often very difficult, and in the examination of some of the reported cases upon this subject it would seem that this indispensable rule of evidence has been lost sight of, if not entirely disregarded. The general rule is that parol testimony cannot be received to contradict, vary, add to, or subtract from the terms of a valid written instrument; or, in the language of the Scotch law, "A writing cannot be cut down or taken away by the testimony of witnesses." Taylor on Evidence, note, page 287.

The contract in this case is, "These articles of partnership, this day made. Witnesseth: That 1st. We have this day formed an equal partnership in the bar at the Spencer House, Taylorsville, Kentucky. 2d. Each party is to furnish an equal amount of the capital. 3d. The profits are to be equally divided between us. 4th. Yocum is to give his personal attention and supervision to said bar, and assist in general to the business. Dec. 23, 1865.                    BEN F. FOREMAN.

                                        ISAIAH YOCUM."

This writing must be regarded as containing the entire contract between the parties. Each one is to furnish an equal amount of the capital, and the profits are to be equally divided. Yocum obligates himself to give his personal attention to the bar. This court, in the case of *Western v. Pollard,* 16 B. Mon. 315, decided that parol evidence may be admitted to enlarge a written contract where the writing does not, according to its import, contain the whole agreement of the parties. The present contract evidences an entire agreement, and counsel for the appellee, while admitting the rule of evidence herein recognized, attempts to avoid its application to the present case by insisting either that the contract for board was an independent agreement, or that parol proof of the agreement to board the appellee free of charge does not alter or contradict the written contract entered into between the parties. Backer proves that by the terms of the contract, "Yocum was to furnish one-half the stock and attend to the bar for his board." Yocum states that he "proposed to Foreman to run the bar upon the same terms Kerrty and McKinley

had run it. Kerrty furnished the room and boarded and lodged Mc-Kinley, each furnishing an equal amount of the capital and dividing equally the proceeds. This I made to Foreman and he accepted."

Such is the parol proof introduced to defeat Foreman's claim against Yocum for board, and if this alleged parol agreement does not enlarge and alter the writing evidencing the contract, the rule relative to the admission of this character of testimony is practically disregarded.

If these simultaneous parol agreements can be enforced why the necessity of reducing contracts to writing? Foreman, the appellant, is required to pay, by making this parol agreement a part of the contract, twelve or fifteen hundred dollars more than his contract compelled him to pay. In the settlement between the parties below the appellant was credited by ice furnished the bar. Parol testimony is not admissible to show that he was to make no charge for ice, or that he was to board, not only Yocum, but his family, as guests, free of charge. An independent parol agreement may exist with reference to a written contract that may be enforced. A may, by parol, agree to give B five hundred dollars to enter into a written contract. The verbal agreement to pay the five hundred dollars does not in manner affect the terms of the written contract, but an agreement in writing by which A and B enter into partnership, A to furnish five hundred dollars of the capital and B $1,000, cannot be so enlarged by parol proof, in the absence of an allegation of fraud or mistake, as to increase the sum to be furnished by A to an amount equal to that furnished by B. Wight subscribed to the capital stock of the Shelby Railroad Company, and at the time it was agreed by the company that the road should be located in a certain way. Here was a simultaneous parol agreement, but the court held that no such condition could be annexed to the written obligation of the party. *Wight v. Shelby R. Co.,* 16 B. Monroe 4.

In the case of *Snyder v. Rouse,* 1 Met. 625, one of the parties by written agreement agreed to furnish the other a certain number of hogs at a certain price on a given day. The hogs were not delivered, and in an action for damages the party in default offered to prove that the vendee was to furnish the money to buy the hogs. The court held the evidence inadmissible. In the case of *Dale v. Pope,* 4 Litt. 166, Dale gave to Pope his note for a lawyer's fee. It was at the same time agreed by parol that if the suit was compromised the money on the note was not to be paid. The court adjudged that the parol agreement could not be enforced. A party may show the con-

sideration of a note or an agreement, and its failure, in order to prevent a recovery, or upon a breach of warranty may in some instances show an additional consideration to the one recited; but as said by the court in the case last referred to, "There is an evident distinction between showing what that consideration is and its failure, and proving other matters, which goes to alter or vary the written stipulations of the plaintiff himself." The written agreement between parties, evidencing the fact that it contains the entire contract, the stipulations by which one covenants to pay money or render services upon a consideration proceeding from the other, whether of money or property or like services, cannot be enlarged, altered or varied by parol proof, without first, by appropriate allegations, laying a foundation for the admission of this character of testimony, fraud or mistake, or the fact that the writing was by some improper or illegal means obtained must constitute the basis of such a defense. It was therefore error to admit parol proof of the agreement to board the appellee free of charge, and for this, as well as the errors already indicated, the judgment is *reversed* and cause remanded for further proceedings consistent with this opinion.

Judge Cofer does not concur in so much of this opinion as decides that parol evidence was not admissible to prove the alleged agreement to board the appellee without charge.

*Caldwell & Haywood, for appellant.*

*Bullock & Beckham, for appellee.*