JUDGKE BULLITT
delivered the opinion op the court:
Byassee filed a petition alleging that he had purchased from .one Head, agent of one Walters, 100 trees standing upon land belonging to said Walters; that he was to have choice of the trees standing upon said land, and selected and marked 100 trees which said Head agreed he should have; and that Reese, with knowledge of plaintiffs right thereto, was cutting them down, and converting them to his own use; and praying that he might be injoined from doing so, and for damages for those that had .been converted.
Reese did not controvert any of those allegations in the manner required by the Code of Practice, (section 125.) except *373 the allegation, that he had cut anj of the trees marked by the plaintiff; but it was proved that he had cut some of them, and in his answer he claimed the right to cut them all; averring that the land had been decreed to Mrs.' Walters by the Louisville chancery court, in a divorce suit, that she had sold it to Moss, and that Moss had sold it to defendant. But these aver-ments were not sustained by any evidence.
Byassee appeals from a judgment dismissing his petition.
We find in the record a copy of a paper purporting to have been signed by Head, which contains written evidence of said sale of trees, but we cannot consider the paper, because it is •not referred to in t.he petition. As the petition does not aver that the contract was in writing, nor refer to any writing, we must assume that it was a verbal contract. (15 B. Mon., 443; 3 Met., 474.)
The.first question is, whether or not a sale of standing trees is embraced by that provision of the statute of frauds which relates to contracts for the sale of land. This question has produced some conflict of opinion. But, according to the weight of authority, a sale of standing trees, in contemplation of their immediate separation from the soil, by either the vendor or vendee, is a constructive severance of them, and they pass as. chatties, and, consequently, the contract of sale is not embraced by the statute. (Green. Ev., sec. 271.) And such is the ruling of this, court. (Cain vs. McGuire, 13 B. Mon., 340.)
The phrase, “in contemplation of immediate separation from the soil,” is used to distinguish a sale, of standing trees, or growing crops, which passes no interest in the land, except a license to enter upon it for the purpose of removing them, from a contract conferring an exclusive right to the land for a time for the purpose of making a profit out of the growth upon it. (See authorities above cited.)
The case under consideration clearly belongs to the former class, though it does not appear that any definite time was fixed, for the removal of the trees.
As the trees were sold as chatties, the selection and mark-, ing of them by the purchaser, with the knowledge and con-j *374 sent of the vendor, was a constructive delivery, and the title vested in the purchaser.
But, though Byassee may be entitled to the trees, as against Walters, yet, if Reese, or his vendor, acquired title to the land by a bona fide purchase, for a valuable consideration paid, before he had notice of Byassee’s right to the trees, Reese is entitled to them, and Byassee must look to Walters for damages. In such a state of case, the fact that Reese had notice of By-assee’s claim, before cutting the trees, would be immaterial. But, if Reese had no title to the land, he was not'entitled to notice.
Upon the return of the cause each party should have leave 'to amend his pleadings.
The judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.