## G. N. WELSH, ET AL., *v.* GEORGE FRYE, ET AL.

**Statute of Frauds.**

> The statute is peremptory and conclusive which requires a memorandum in writing to be signed at the close thereof by the party to be charged therewith, or by his authorized agent, to bind him upon the sale of real estate.

**Pleading Statute of Frauds.**
> A statement in the answer that the defendant "pleads and relies on the statute of frauds and perjuries," etc., is sufficient· to entitle him to the benefit of the statute.

### APPEAL FROM CASEY CIRCUIT COURT.

#### April 11, 1879.

OPINION BY JUDGE COFER:

This record presents but two questions which we deem it necessary to consider, viz: 1. Was there such written memorandum of the sale and purchase as was binding upon the appellant Welsh? 2. If there was not, has he become bound by accepting a deed or by the admissions in his answer?

The memorandum made by the auctioneer's clerk was not signed by any one. The statute requires a memorandum in writing, and that it shall be signed at the close thereof by the party to be charged therewith, or by his authorized agent. Sec. 1, Chap. 22, and Sec. 26, Chap. 21, General Statutes. This statutory provision is peremptory and conclusive.

There is some conflict in the evidence upon the question whether the deed was accepted. Frye and his two sons testified that Welsh told them, or stated to others in their presence, that the deed had come through and was all right, and there is some evidence that Welsh offered to sell or to rent the land.

On the other hand Welsh testifies that he did not accept the deed, and that he did not state to Frye or his sons that the deed was all right.

The evidence shows without contradiction that Welsh objected to the amount agreed to be paid to Frye and wife for the homestead and potential right to dower, and informed the trustee that he would not consent to it; and that he was informed by the trustee's attorney that he was not expected to agree to it; that that agreement was made by the trustee on his own responsibility. That agreement was, however, inserted in the deed, and by accepting the deed Welsh would have become a party to the agreement, and would have been estopped to deny it. It is true he is not a creditor, but he attended the sale as the representative of the bank of which he was president, and was not bound to accept a deed containing a stipulation he had not agreed to, and which, though not affecting him individually, might, through his relation to the bank, affect it.

Having declared, as all agree, he would not consent to the agreement between Frye and wife and the trustee, if he acted consistently he must have declined to accept a deed in which that agreement was expressly stated as one of the terms, and his declaration made when informed of the agreement goes far to corroborate his statement that he did not accept the deed.

What he offered to sell or to rent the land for is not at all inconsistent with his refusal to accept the deed. These offers were made before he knew that the deed contained the objectionable provision, if his statement of the time when it came to his hands is true, and there is nothing to contradict that except the statements he is said to have made to Frye and his sons. According to his statement he did not receive the deed until four or five days after it ought to have reached Danville, and on the same day he informed one of his attorneys that he would not accept it, and on the next day he placed it in their hands to be returned, with the information that he would not accept it because of the objectionable feature concerning the homestead and dower.

He is still further corroborated by the fact that the trustee sued to compel him to accept the deed, and in the petition alleged that he refused to accept it, and repeated the statement in his answer to the suit of the bank.. That statement has been stricken out of the petition, but still remains in the answer, and was accepted and reiterated by Frye, and is wholly inconsistent with his testimony.

The evidence of .Welsh's declaration to Mr. Rhodes that he could not accept the deed was competent. The simple manual possession of the deed sent to him through the mail was not an acceptance, that required the assent of his mind, and his declaration made at the time, and before any controversy had arisen was the best evidence of his intention. We are therefore constrained to the conclusion that Welsh did not accept the deed.

This court has repeatedly decided that in suing on a contract which the statute requires to be in writing the petition must show that it is in writing. *Hocker v. Gentry*, 3 Met. 463; *Smith v. Fah*, 15 B. Mon. 443; *Byassee v. Reece*, 4 Met. 372.

The petition did not show that such a writing as is required by the statute had been executed, and was therefore defective. The original answer admitted the purchase, and it is contended that the statute was not therein sufficiently pleaded, and consequently that the answer furnishes the necessary written evidence of the contract.

Without stopping to inquire whether under our decisions such a contract can be enforced on the admissions of the answer without the express consent of the defendant, even though the statute be not pleaded, we are of the opinion that the statute was sufficiently pleaded.   There is but a single provision of the statute which has any application to the contract set forth in the petition, and the statement in the answer is that he "pleads and relies on the statute of frauds and perjuries," etc.   This was sufficient to entitle the defendant to the benefit of the statute; and even if it was not it was certainly an attempt to plead it, and the amended answer is full and formal and cures the defect.   And this, too, although the rule may be that a defendant who answers and admits the contract cannot by a subsequent answer take advantage of the statute.   That rule can only apply when in the original answer there is no attempt to plead the statute.   If this were not so then a defendant intending all the time to seek the protection of the statute might lose his right by an unskilful plea, and be unable to regain it by an amendment offered the next day or even the next hour.

Under our liberate practice a party is not thus to lose a right specially secured to him by a salutary statute.   We are therefore constrained to *reverse* the judgment and remand the cause, with directions to dismiss the petition of the trustee, and for further proper proceedings in the other case.

*Vanwinkle & Rodes, Durham & Jacobs, for appellants.*
*Russell & Arritt, for appellees.*