CASE 6—ACTION BY DAVID HAYS AND ANOTHER AGAINST J. B. McLIN
AND OTHERS FOR CUTTING AND REMOVING TIMBER FROM LAND.—
MARCH 4.

# Hays, &c. v. McLin, &c.

### APPEAL FROM LETCHER CIRCUIT COURT.

JUDGMENT FOR DEFENDANTS AND PLAINTIFFS APPEAL.  REVERSED.

SALE OF STANDING TIMBER—SUFFICIENCY OF DESCRIPTION.

Held:  1. In a contract for the sale of standing timber, a description
of the timber sold as "all the merchantable yellow poplar, ash
and cucumber trees  *  *  *  owned by us" on a certain tract
of land is sufficiently definite to pass title to the timber.

W. F. HALL AND DAVID HAYS, FOR APPELLANTS.

POINTS  DISCUSSED  AND  AUTHORITIES  CITED  FOR  AP-
PELLANTS.

1. After thirty years occupancy and actual possession, the
law will presume a grant from the Commonwealth of Kentucky.
Simpson v. Hawkins, 1 Dana, p. 326; Jarboe v. McAtee's Heirs,
7 B. M., 280; Henderson v. Perkins, 94 Ky., 212.

2. When the evidence conduces in any degree to establish the
right of recovery, it is improper to give a peremptory instruction.
Zigler's Exr. v. Collins' Exr., 12 R., p. 558; Eskridge's Exr. v.
Cincinnati, New O., &c., 89 Ky., p. 367; Commonwealth of Ken-
tucky v. Tate, &c., 89 Ky., p. 587; Shoup v. Wood, 21 R., p. 189;
Pollock's Admr. v. Smith, 21 R., p. 1227.

S. B. DISHMAN AND D. D. FIELDS, FOR APPELLEES.

In this action the appellants sought to recover damages for
certain poplar trees cut and removed by appellees, which trees
appellants claimed to be the owner of by purchase from one
John Holcombe.  The title and ownership of appellants to said
trees was denied and on the trial in the lower court at the close
of the evidence on the part of appellant, the court, on motion
of appellees, instructed the jury to find for the appellees, and
the only question for review is as to whether said instruction was
proper.

The appellants claim to have purchased and been the owners
of the trees in question by virtue of the sale thereof of said

trees to appellants by one John Holcombe, who claimed to be the owner of the land upon which said trees grew; and appellants exhibit an instrument of writing copied in the bill of evidence and, upon which they base their claim to title, said instrument says:

"This indenture made and entered into this 7th day of October, 1899, by and between John Holcombe and Rittie Holcombe, his wife, parties of the first part, and David Hays and Jonathan L. Holcombe, parties of the second part, all of the county of Letcher, and State of Kentucky, WITNESSETH:

"That for and in consideration of the sum of one dollar to us in hand paid, the receipt whereof is hereby acknowledged, and the further consideration of three dollars per one thousand feet of all the *merchantable yellow poplar*, *ash* and *cucumber* *trees* or logs owned by us on the south side of Line Fork and on north side on Pine Mountain in Letcher county, Kentucky, and in satisfaction of a title bond or contract heretofore executed by us to said second parties, we, the said first parties have this day bargained and sold and by these presents do hereby convey unto the said David Hays and Jonathan L. Holcombe all the merchantable yellow poplar, ash and cucumber trees or logs owned by us on the south side of Line Fork Creek and on the north side of Pine Mountain in Letcher county, Kentucky, &c., &c. Said timber is sold with the expectation of immediate removal, and said second parties are to have until December, 1900, to complete the removal thereof, &c."

By the terms of this instrument it is expressly stipulated that in consideration of three dollars per thousand, etc., the parties of the first part have bargained, etc., sold and conveyed unto second parties all the *merchantable* yellow poplar, ash and cucumber trees standing on certain lands owned by first parties. Said timber is sold with the expectation of immediate removal, and second parties given until December, 1900, to remove same.

Holcombe, who attempted to sell the trees to appellant, Hays, never owned them; and while he testifies that he had a deeded boundary from his father for land that he testifies included said trees, and that he had been in possession thereof for more than thirty years, the facts shown in the transcript of the evidence conduce to show that Holcombe did not own or have possession of the land from which the trees in controversy were taken. Holcombe says he was in possession—his opinion—but it is shown that the patent of five hundred acres, a part of which was conveyed him in the deed introduced, and inside of the lines of which patent boundary he lived, was all the land he really had in possession. His deeded boundary extended beyond the

patent calls and embraced the land from which the trees were taken; and this land outside of the patent boundary embraced in his deeded boundary covering said trees, there is no evidence showing that he ever entered upon, improved or took possession of. There was no possession whatever of said portion of said land on his part. Trimble v. Smith, 4 Bibb, 257; Fox v. Hinton, 4 Bibb, 559; King v. Hunt, 13 S. W., 214.

We submit the case, respectfully asking an affirmance.

OPINION OF THE COURT BY JUDGE PAYNTER—REVERSING.

This action was instituted by the appellants, David Hays and Jonathan L. Holcombe, against appellees, for cutting and removing timber from a certain tract of land in Letcher county, Ky. The timber which they cut and removed was part of the timber which John Holcombe sold and conveyed to the appellants by deed dated 7th day of October, 1899. The timber sold to the appellants is described as follows: "All the merchantable yellow poplar, ash and cucumber trees or logs owned by us on the south side of Linefork creek and on the north side of Pine Mountain in Letcher county, Kentucky." It is recited in the deed "that the timber is sold with the expectation of immediate removal, and said second parties are to have until December, 1900, to complete the removal thereof." The appellees denied that the title to the timber was in the plaintiffs. On the trial of the case the plaintiffs introduced testimony which tended to show that their vendor entered upon the land before the late Civil War, and began to claim it under his father; that in 1866 the father of the plaintiffs' vendor executed and delivered to him a deed for the land upon which the timber in controversy grew; and that he had lived within the boundary, and claimed it adversely, to the extent of the boundary prescribed in the deed, until the trial of the case. The proof tended to show that it was a well-defined and marked boundary. Upon this showing, the court gave a peremptory instruction to find for the defendants.

If the evidence of the plaintiffs is true, their vendor had a perfect title to the land, and he had a right to sell the timber standing upon it. From the argument of the counsel for appellees, we presume that the court below proceeded upon the idea that, under the deed from Holcombe, the appellants did not acquire title to the timber, and therefore had no right to maintain the action. To sustain the action of the court, the case of Moss v. Meshew, etc., 8 Bush, 190, is cited. In that case it appeared that the owner entered into a contract by which he sold timber trees upon the land in number sufficient to make 40,000 staves; and the court held that the sale did not pass title to any particular trees, nor had the purchaser the right to enter and cut the timber without the consent of the vendor. In this case the vendor sold "all the merchantable" timber of certain kinds on the tract, and we are of the opinion that title to them passed to the appellants, although in Moss v. Meshew, etc., there was an expression of opinion, on a question not before the court, which would appear to be in conflict with this conclusion. The contract recited that immediate removal of the timber was contemplated, yet time was given until December, 1900, in which to remove it. If a party sold 100 poplar trees upon a boundary of land, and did not mark them, then it would not vest the vendee with title to them; but, when one sells all of the merchantable timber on the land, it seems to us no additional designation is necessary. There is no marking to take place in that case, as in a case where only a certain number of trees are sold on a boundary of land. In Dils v. Hatcher (24 R., 826) 69 S. W., 1092, the court recognized a sale as valid which included all of the timber on land, of certain dimensions.

The judgment is reversed for proceedings consistent with this opinion.