## Bell v. Pitman.

(Decided May 9, 1911.)

### Appeal from Graves Circuit Court

Bills and Notes—Agreement to Discount Note—An agreement between the debtor and the creditor before a note was due, by which the latter agreed to discount the note to the former, and he agreed to buy it at that price, the money to be paid and the note delivered on a day fixed in the agreement, is valid.

W. J. WEBB for appellant.

ROBBINS & THOMAS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Affirming.

On June 11, 1908, Jasper Bell conveyed to F P Pitman a farm in consideration of $8,000, $3,000 of which was paid in cash. Two notes were executed for the remainder of the consideration, the first note being for $2,000, due January 1, 1909; the second note for $3,000, due January 1, 1910, with interest at 8 per cent. from January 1, 1909, until paid. On December 26, 1908, Pitman paid off the first note for $2,000, and it was then agreed between him and Bell that Bell would discount to

him the second note at 6 per cent. off the face or $180, and that Pitman would pay him the money, $2,820, on or before January 1, 1909. Pitman borrowed the amount and on that day tendered him the money, but Bell refused to receive it. Afterwards he did accept it and credited it on the note under an agreement that it should not prejudice the defendant's defense or the plaintiff's claim for the balance of the note, and that this matter might be litigated. Bell then brought this suit against Pitman to recover the balance of the note, which exceeded $200, counting the interest down to the time the credit was given. The case coming on for trial before a jury, the facts were found to be as above stated, and Bell's petition was dismissed. He appeals.

The question of fact was fairly submitted to the jury, and the only question to be determined on the appeal is whether the facts stated constitute a defense to the action. It is insisted for appellant that it is well settled that an accord without satisfaction is invalid and is no bar to an action on the original contract. (See 1 A. & E. Encyc. of Law and Practice, 641, and cases cited.) While this is true there is a well sustained exception to the rule which is thus stated in 1 A. & E. Encyc. of Law and Practice, 642, as follows:

"It is an apparent rather than a real exception to the rule requiring the accord to be executed, that where a promise or new contract founded upon a new consideration is itself accepted in satisfaction of the contract or claim, there the accord and satisfaction is good without performance. But it must appear that the plaintiff accepted the agreement alone in satisfaction and discharge of his cause of action."

Thus in Peace v. Stennet, 4 J. J. M., 449, Peace pleaded that he had executed a note to Stennet which Stennet had accepted in satisfaction of the claim. It was held that the plea was sufficient although the note had not been paid. In Tomlin v. McChord, 6 J. J. M., 29, McChord sold a tract of land to Tomlin and he executed to McChord a note for $200 to be paid on certain conditions. When sued on this note Tomlin pleaded that subsequently they had made an agreement by which he had executed a note to McChord payable on other conditions in compromise of the note sued on. It was held that the plea was good. In Price v. Price, 111 Ky., 771, the plaintiff held a note on the defendant for $4,000, and when sued

on the note he pleaded that it had 'been agreed between them in writing that he should pay the plaintiff $62.50 every three months during his natural life, and that this should be in full of the $4,000 note. The defense was sustained.

In the case at bar the contract between the parties not being within the statute of frauds, was not required to be in writing. The note which Bell held on Pitman was negotiable and Pitman could buy this note just as any stranger to the instrument might have bought it. The contract by Bell to sell Pitman the note is as valid as a contract by him to sell it to a third person. The note was not due for more than a year, and the contract by Pitman to buy it and to pay $2,820 for it on January 1, 1909, was based on a valid consideration because Bell then had no cause of action against Pitman on the note. When Pitman agreed to buy the note and to pay $2,820 for it on January 1st and Bell agreed to accept the $2,820 on that day and deliver the note to him, a valid agreement between the parties was made. Neither of them could subsequently break this agreement with impunity. In 2 Blackstone's Commentaries, 447, the rule is thus stated:

"If a man agrees with another for goods at a certain price, he may not carry them away before he hath paid for them; for it is no sale without payment, unless the contrary is expressly agreed. And, therefore, if the vendor says, the price of a beast is four pounds, and the vendee says he will give four pounds, the bargain is struck; and they neither of them are at liberty to be off. provided immediate possession be tendered by the other side. But if neither the money be paid, nor the goods delivered, nor tender made, nor any subsequent agreement be entered into, it is no contract, and the owner may dispose of the goods as he pleases."

Here a contract was finally concluded as a future day was fixed by agreement for the delivery of the property and the payment of the price. (Fairmount Glass Works v. Crunden-Martin Woodenware Co., 106 Ky., 659.) When upon the tender of the money on that day, Bell refused to deliver the note to Pitman, he became liable to him for damages on the breach of the contract, and the measure of damages is the difference between the value of the note and the price which Pitman was to pay for it. Bell having wrongfully retained the note should not now be allowed to recover on it against Pitman this

money; for to allow a recovery would be to allow Bell to violate with impunity his valid agreement to sell the note to Pitman and deliver it to him on that day. The law abhors circuity of action and the ends of justice require that Pitman be allowed to set up the breach of the contract in this suit. (See Schneider v. Long, 43 Am. Rep., 202; Notes to Harrison v. Henderson, 100 A. St. Rep., 436, 438, 451; Chicora Fertilizer Co. v. Dunan, 50 L. R. A., 401.)

Judgment affirmed.