## Sears v. Ohler, et al.

(Decided September 20, 1911.)

### Appeal from Whitley Circuit Court.

Jury Trial—Absence of Conflict in Testimony.—Where there is no substantial conflict between the testimony of the parties, there is nothing to submit to the jury.

Timber Contract—Statute of Frauds.—A parol contract for the sale of timber in contemplation of its immediate severance from the land is within the present Statute of Frauds, and no damages may be recovered for its breach, but the party who has received the timber under the contract, will be required to pay for it at the contract price.

GILLIS & GILLIS for appellant.

LYE & SILER for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Reversing.

W. B. Sears brought this suit against S. W. Ohler, alleging in his petition that in February, 1905 he and Ohler entered into a contract by which he sold the defendant all the merchantable white oak and pine timber on a certain tract of 150 acres of land in Whitley county for $900.00, the timber being sold in contemplation of its immediate severance from the soil by the purchaser; that Ohler immediately began cutting the timber, and after he had cut a part of it, some doubts arose as to Sears' title to about 41 acres of the land; and thereupon, it was agreed between them that Ohler should not cut any of the timber on this 41 acres and that he should be allowed a credit upon his contract for such a part of the $900.00 as the timber on this 41 acres was of the timber on the whole tract; that the timber on the 41 acres at this ratio amounted to $75.00 and that Ohler had paid him $600.00 of the price and no more. He also alleged

that he had furnished Ohler supplies to the amount of $15.00 which Ohler had agreed to pay him but had failed to do so. He prayed judgment for the balance due him, $240.00. In the first paragraph of his answer Ohler traversed the allegations of the petition; in the second paragraph he pleaded that he had paid the plaintiff for the supplies furnished him. In the fourth paragraph he alleged that the timber on the 41 acres was of value $400.00; that Sears notified him not to cut this timber and that he failed to cut it because of such notice and for no other reason. He prayed judgment over against Sears for the timber which he had thus not cut. The plaintiff by his reply controverted the affirmative allegations of the answer. On the trial of the case before a jury, Sears testified practically to the facts alleged in his petition. Ohler on his direct examination said that he got a notice from the Bryant heirs to stay off the 41 acres or they would take him up for trespass. He saw Mr. Sears and told him about it, and Sears said, "You had better leave that alone;" that he never agreed to take credit for the timber on the 41 acres on the same basis that he paid for the timber on the rest of the boundary. On cross-examination he made this statement:

"That he went to see Sears and told him the Bryants had notified him not to cut on the 41 acre tract; that Sears insisted that he go ahead and cut it, but he objected because he was afraid all his timber would be attached and tied up, and Sears finally said to him, 'If you don't want no trouble, I guess you had better not cut it,' or something like that; that he agreed to estimate the timber on the 41 acres and make a proportionate estimate of the rest of it and settle on that basis."

There was evidence for Sears that went to sustain his testimony, and there was evidence for Ohler that went to show that the timber on the 41 acre tract was much more valuable than as shown by Sears. On this evidence the court instructed the jury in effect as follows: (1) It was admitted that $600.00 had been paid on the purchase price of the timber. (2) If any part of the purchase money had not been paid for the timber standing outside of the 41 acre tract, they should find for the plaintiff such sum as had not been paid. (3) They should find for the plaintiff for the feed and supplies furnished the defendant unless he had paid for them.

(4) They should find for the defendant such a sum as would reasonably compensate him for the net profits which he would have realized on the timber on the 41 acre tract. (5) They should set off the amount found for the plaintiff against the amount found for the defendant and find a verdict for the party entitled to the balance. The jury returned a verdict to the effect that under the fifth instruction they found for the defendant. The court entered judgment on the verdict, and Sears appeals.

The instruction of the court was a peremptory direction to the jury to find for Ohler the profits which he would have realized from cutting the timber on the 41 acre tract. The proof by both Sears and Ohler is practically the same. When the title to this 41 acres fell in dispute, it was agreed between them that Ohler would not cut the timber on this 41 acre tract, but would cut the balance, and that he should pay for what he cut at the contract price, and should have an abatement of the price in the proportion that the timber on the 41 acre tract bore to the timber on the whole tract. Under the proof in lieu of instructions 1, 2, 4 and 5, the court should have told the jury to allow Ohler a credit on the contract price of $900.00 for such a proportion of that sum as the timber on the 41 acre tract bore to the timber on the whole boundary; that they should also credit him by $600.00, the amount he had paid and that if these credits left a balance due Sears, they should find for him therefor; but that if these credits exceeded $900.00, they should find for Ohler such balance subject to instruction 3. These two instructions cover the law of the case as presented by the pleadings and the evidence.

It has been held by this court that where timber is sold in contemplation of its immediate severance from the land the contract is not within the statute of frauds, and an action may be maintained on it to recover damages for its breach, (Byassee v. Reese, 4 Met., 372; Tilford vs. Dotson, 106 Ky., 761; Hays vs. McLin, 115 Ky., 39;) but that if the timber is not sold in contemplation of its immediate severance from the land, the contract is within the statute of frauds, and neither party can recover damages for its breach. (Wiggins vs. Jackson, 24 R., 2189; King vs. Cheathim, 31 R., 1176.) The legislature has, however, changed the rule. Sub-

section 13 of section 1409, Kentucky Statutes, is as follows:

"No contract for the sale of standing trees or standing timber shall be enforcible by action unless the said contract or some memorandum thereof be in writing, signed by the person to be charged or his duly authorized agent."

Under this statute, the parol contract for the sale of the timber, here relied on, is invalid, and no action can be maintained by either party to recover damages for its breach. But Ohler is liable for the timber he received under the contract, as he cannot be allowed to keep the timber without paying for it; and he must be required to pay for what he received at the contract price. The statute is a shield, not a sword. (Roberts vs. Tennell, 3 T. B. Mon., 252; Montague vs. Garnett, 3 Bush, 297; Weber vs. Weber, 25 R., 908.) Under the statute, the vendor is the person to be charged. (Murray vs. Crawford, 138 Ky., 25.) The contract not being in writing and signed by Sears, it cannot be enforced; Ohler cannot be required to pay for property at one price which he received at another; and Sears must have the same right, as one of them must have the right to demand the same price which the other has the right to pay.

The amount in controversy on this appeal is $240.00, the sum sued for by Sears and denied to him by the judgment of the lower court. Therefore, this court has jurisdiction. (Singer Mfg. Co. vs. Witt, 118 Ky., 344; Howard vs. R. R. Co., 24 R., 1051.)

Judgment reversed, and cause remanded for new trial.