## Johnson, et al. v. Broughton.

(Decided March 18, 1919.)

### Appeal from Bell Circuit Court.

1. Frauds, Statute of—Interest in Lands—Standing Timber—Memorandum—Signature—Party to be Charged.—Under Kentucky Statutes, sec. 1409, subsection 13, no contract for the sale of standing timber is enforcible unless the contract, or some memorandum thereof, be in writing, signed by the person to be charged, or his

duly authorized agent, and the person to be charged is the vendor.

2. Frauds, Statute of—Interest in Lands—Standing Timber—Oral Contract to Purchase and Convey to Another.—An oral contract to purchase land or standing timber and convey it to another is within the statute of frauds.

3. Frauds, Statute of—Benefit of the Statute—Pleading.—Where plaintiff pleads an oral contract within the statute of frauds, the defendant may obtain the benefit of the statute under a general denial of the contract.

4. Appeal and Error—Findings—Conclusiveness.—Where the evidence on a question is conflicting, and upon a consideration of the whole case the appellate court cannot say with reasonable certainty that the chancellor erred in his conclusion, his finding will not be disturbed.

5. Logs and Logging—Contracts—Construction.—Defendants purchased plaintiff's timber at the price of $3.50 per thousand feet, with the right to remove it within five years. Needing money, plaintiff offered in writing to reduce the price 50c per thousand feet, and requested defendants to send him $500.00. In reply, defendants enclosed a contract and wrote plaintiff that upon his signing the contract, they would pay him $500.00 more on the timber. Thereupon, plaintiff and defendants entered into a written contract by which plaintiff agreed to accept $3.00 per thousand for the timber, in consideration of defendants' making a further advance to him of the sum of $500.00; held, that the consideration for the reduction of the price was not the payment of the $500.00, but the payment of that sum in advance, with the understanding that it was to be credited on the purchase price of the timber.

6. Contracts—Consideration.—The payment, before it is due, of a portion of a purchase price of timber, is a sufficient consideration for a reduction in the price by the vendor.

N. J. WELLER and DISHMAN, TINSLEY & DISHMAN for appellants.

JAMES M. GILBERT for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming in part and reversing in part on the original appeal and affirming on the cross-appeal.

On December 17, 1910, Henry Broughton, by written contract, sold to B. Johnson & Son certain timber at the price of $3.50 per thousand feet, mill measure.

Of the purchase money, $500.00 was paid in cash, and Johnson & Son were given five years within which to remove the timber. On December 18, 1911, the parties

entered into another contract containing the following provision:

"Witnesseth: That for and in consideration of party of second part making a further advance to party of first part of the sum of ($500.00) five hundred dollars, party of the first part does hereby agree to accept three dollars ($3.00) per thousand feet mill measure, instead of three dollars and fifty cents ($3.50) per thousand feet, as mentioned in contract dated December 17th, 1910, and recorded in Bell county instrument book No. 1, page 34, December 24th, 1910."

In settling with Broughton, Johnson & Son deducted the $500.00 paid in advance from the purchase price of the timber.

On December 17, 1910, Oliver Smith sold to Henry Broughton certain timber at the price of $2.50 per thousand feet, and Broughton was given two years within which to remove the timber. This timber was sold to Johnson & Son at the price of $3.00 per thousand feet, but was not removed within two years. Thereafter Johnson & Son purchased the timber from Smith himself.

This suit was brought by Broughton against Johnson & Son to recover as follows: (1) The $500.00 paid under the supplemental contract of December 18, 1911, on the ground that it was paid solely for a reduction in the price of the timber and should not have been credited on the purchase price; (2) the sum of $420.00, the difference between the price that he paid for the Smith timber and the price which defendants agreed to pay; (3) the sum of $600.00 damages to the timber, due to sap rot caused by defendants' permitting the timber to lie on the ground for several months before it was manufactured.

On final hearing, plaintiff's claim under item one was rejected, but he was given judgment for $400.00 under item two, and for $225.00 under item three. From this judgment defendants appeal, and plaintiff prosecutes a cross-appeal.

It is further insisted by the defendants that the chancellor erred in adjudging plaintiff any recovery under item 2. Plaintiff pleaded in substance that subsequent to the execution of the contract of December 17, 1910, there was a verbal agreement entered into between the plaintiff and defendants' agent, by which it was agreed that plaintiff should buy, and he did buy, a boundary

of timber from Ol Smith for the defendants, and the defendants and their agent agreed that they would take said timber so purchased from Smith and pay for it under the same terms set out in the contract of December 17, 1910; that pursuant to said verbal agreement he purchased said boundary of timber from Ol Smith and let the defendants have it, and that the defendants manufactured it into lumber; that under the terms of said contract, $2.50 on each thousand was to be paid to Smith, and by agreement between plaintiff and defendants, plaintiff was to have for his services in purchasing said timber 50c per thousand; that the timber so purchased amounted to 840,000 feet, and that plaintiff was entitled to the sum of $420.00, no part of which had been paid.

The defendants answered and denied the making of the aforesaid agreement. Plaintiff testified that C. L. Taggart was the agent of defendants with authority to purchase timber on their behalf. Taggart requested plaintiff to buy the Ol Smith timber and drew the contract by which Smith sold the timber to plaintiff. This contract gave plaintiff two years within which to remove the timber. The defendants proceeded immediately to cut the timber, but none of it was removed within the two years, but plaintiff frequently requested the defendants to remove it within that time. While testifying in rebuttal, plaintiff introduced a letter from Taggart, in which Taggart said:

"In accordance with conversation of yesterday, we will agree to go ahead and work out the timber on the Ol Smith and Britt Slusher tracts, under the same terms, price and conditions as specified in contract covering your timber, that is, the tract we bought from you on the 17th inst."

It further appears that the two years in which the Ol Smith timber was to be removed expired before its removal, and Smith objected to its removal. Thereupon, defendants bought the timber from Ol Smith and subsequently removed it. It is the contention of plaintiff that Johnson & Son owed him 50c for each one thousand feet of lumber which they had the right to remove and did not remove. On the other hand, Johnson & Son contend that the above letter was the only binding contract into which they entered, and since it shows that the purchase of the timber was made on the same terms and conditions as those specified in the contract for the sale

of Broughton's other timber, and since the latter contract provided for the removal of the timber within five years, they had the right to remove the timber in question at any time within five years. Of course, if there had been a binding contract for the purchase of the Ol Smith timber, and its resale to the defendants, its terms could not have been changed by the letter. However, under our statute and the rule in force in this state, no contract for the sale of standing timber is enforcible by action unless the contract or some memorandum thereof be in writing, signed by the person to be charged, or his duly authorized agent, and the person to be charged is the vendor. Sec. 13, subsection 1409, Kentucky Statutes; Sears v. Ohler, 144 Ky. 473, 139 S. W. 759; Murray, City of v. Crawford, 138 Ky. 25, 127 S. W. 494; Burris v. Stepp, 162 Ky. 269, 172 S. W. 526. It is likewise well settled that an agreement to purchase land or standing timber for another and then convey it to the promisee, is within the statute of frauds. Day v. Amburgey, 147 Ky. 143, 143 S. W. 1033; Hocker v. Gentry, 3 Met. 463; Ross v. Leggett, 61 Mich. 543, 28 N. W. 676, 1 A. S. R. 616, 20 Cyc. 234. And, where the plaintiff pleads an oral contract within the statute, the defendant may obtain the benefit of the statute under a general denial of the contract. Hocker v. Gentry, *supra.* Applying the above principles to the facts of this case, we find that plaintiff agreed to purchase the Ol Smith timber and convey it to the defendants at an increased price.

This contract was in parol. He did purchase the timber but never conveyed it to the defendants or made a written contract to convey it. Plaintiff, being the vendor, was the party to be charged. Under these circumstances, the oral contract with the defendants was not enforcible. Of course, if defendants had cut and removed the timber under the contract, they would have been liable for the purchase price. However, they did not cut and remove the timber under that contract, but under a subsequent contract made with Smith. Under these circumstances, they incurred no liability to plaintiff, and it was error to adjudge any recovery against them.

(2) On the question of damages due to sap rot, defendants contend that the evidence of those who knew shows that the damages allowed were far in excess of those actually sustained, while plaintiff asks that the allowance be increased. In reply to this contention it is sufficient to say that the case is one calling for the

application of the rule, that where the evidence on a question is conflicting, and upon a consideration of the whole case we cannot say with reasonable certainty that the chancellor erred in his conclusions, his finding will not be disturbed. Burnett v. Miller, 174 Ky. 91, 191 S. W. 659.

(3) Plaintiff's chief objection on the cross-appeal is that the chancellor erred in denying him any recovery of the $500.00 paid under the supplemental contract. On this question, he claims that defendants were losing money on the original contract, and paid him the $500.00 solely as a consideration for the reduction of the contract price. It appears, however, that on December 14, 1911, plaintiff wrote the defendants as follows:

"I am writing you in regard to the timber sold your agent about a year or more ago and they were to go to work as soon as practicable and push same to completion, and it seems to me they ain't doing any good, and I need some money as I am in the goods business and I would like for you to press them up. I also offered Mr. May 50c. off of each one thousand feet and ain't heard from you—I know I was losing money, but I need some very bad; if this don't suit you I would like for you to send me about $500.00 and take it out of the timber as I will have 4 or 5 thousand dollars worth."

On December 16, 1911, Johnson & Son sent to plaintiff the following reply:

"We have your favor of Dec. 14th and have noted contents. In reply beg to say that you have misconstrued part of our contract. You will note by referring to same that we have five years in which to remove the timber. It also provides that you shall be paid by mill measure. Under the circumstances, however, we are willing to assist you in any way we can consistently and we are, therefore, sending to our Mr. May a supplementary contract, with instructions that when you sign same he can pay you $500.00 more on this timber.

"We trust this will be entirely satisfactory and relieve you financially."

Thereupon, the parties executed the supplemental contract of December 18, 1911, providing, "that for and in consideration of party of second part making a further advance to party of the first part of the sum of $500.00 party of first part does hereby agree to accept $3.00 per thousand feet mill measure instead of $3.50 per thou-

sand feet.'' It will thus be seen that the consideration for the reduction in price of the timber was not the payment of $500.00, but the payment of that sum in advance, and that this sum was to be credited on the purchase price of the timber. But it is suggested that if this construction be given the contract, then the reduction of price was without consideration. The rule that the doing of something that the promisee is not legally bound to do is a sufficient consideration, applies to an act done by him before he is legally bound to do it, as, for instance, the payment of a debt or interest before it is due. 6 R. C. L., sec. 68, p. 657; Bell v. Pitman, 143 Ky. 521, 136 S. W. 1026, 35 L. R. A. (N. S.) 820. Here, the defendants had five years within which to cut and remove the timber, and until this was done further payments under the contract could not be insisted on. That being true, the $500.00 paid under the supplemental contract was not then due. We therefore conclude that the payment of this amount in advance was a sufficient consideration for a reduction of the price of the timber.

On the cross-appeal the judgment is affirmed. On the original appeal, that portion of the judgment awarding damages for sap rot in the sum of $225.00 is affirmed, and that portion of the judgment awarding plaintiff $400.00 as commissions for the purchase of the Ol Smith timber is reversed, and cause remanded with directions to enter judgment in conformity with this opinion.