## B. H. COX LBR. CO. v. GUEST et al.

No. 18632. Opinion Filed Oct. 2, 1928.

C. M. Anderson, for plaintiff in error.

Womack, Brown & Cund, for defendants in error.

TEEHEE, C. In this cause the parties occupy the same relative positions of plaintiff and defendants, respectively, as in the trial court.

The suit was predicated on a series of promissory notes aggregating $300, wherein defendant J. L. C. Guest and his wife, Catherine A. Guest, were promisors, and plaintiff, in reality being Mrs. B. H. Cox, sole owner of the business, was promisee, and who will hereinafter be referred to in the personal rather than the impersonal sense. The notes were secured by a mortgage on certain real property. The petition was in the usual form, and prayed foreclosure of the mortgage. Defendants admitted execution of the notes and the mortgage and delivery thereof to plaintiff. They further pleaded that the obligation had by them been paid and fully satisfied. Upon trial there was a jury verdict, and judgment thereon for the defendants. Of the judgment plaintiff complains.

The defense relied on by defendants, as shown by their evidence, was that of accord and satisfaction. Having the laboring oar in the case. upon conclusion of their evidence, plaintiff demurred thereto on the ground that the same did not meet the requisites of the law of accord and satisfaction, and thus was insufficient to sustain such defense. The court's action thereon being adverse, and plaintiff having concluded her evidence, the question of accord and satisfaction was fairly submitted to the jury, who, by their verdict. found that there was both accord and satisfaction.

In the presentation of this cause. plaintiff states the matter for our consideration thus:

"The evidence was conflicting, and the question therefore resolves itself to this one point. was there any competent evidence to sustain the verdict and judgment?"

Both parties in their argument urge questions of procedure which first require our brief notice. In that relation, plaintiff contends that the court erred in admitting evidence of the alleged accord and satisfaction for that such defense was not pleaded, and for that reason such evidence was not admissible under a plea of payment, and cites controlling authorities by this court in

support of this contention. And the defendants say that, as there was no traverse of their plea of payment and satisfaction, the same stood admitted, and for that reason plaintiff is now precluded in its challenge of the judgment as here urged. To the one, it is sufficient to say that, as she proceeded to trial without challenge of either the sufficiency in particulars of the plea, or the evidence presented in support thereof, the questions thus raised by her are not here available; and to the others, it is likewise sufficient to say that, as they failed to call the court's attention to the absence of a reply to their pleadings and proceeded to trial, the law will treat the matter of defense as controverted. With these observations we proceed to the consideration of the main question, and in this plaintiff in effect concedes the fact of an executory accord, but contends that there was no evidence of satisfaction.

Under the state of the record, the point of difference between the parties is purely one of law rather than that of fact in that whether or not the agreement relied on by defendants, which plaintiff's own evidence shows was the subject of negotiation between the parties, with consummation, of course, by her denied, in law rose to the dignity of accord and satisfaction. This, as found by the jury, was, in substance, that about four months prior to the filing of this action plaintiff, on her own initiative, agreed to purchase from defendant J. L. C. Guest a judgment to be secured by him against a third party based on an obligation of the third party to this defendant in the principal sum of $3,000, which was to be used by plaintiff's husband as an offset to a prospective judgment against him by such third party, whereof plaintiff and her husband were professionally advised that the husband could not avoid. The consideration of the agreement was a liberal discount on defendant's prospective judgment and extinguishment of the obligations here sued on. Pursuant to the agreement, defendant J. L. C. Guest, about one month thereafter, secured such judgment against the third party and apprised plaintiff of that fact, and offered to assign the same conformably to the agreement entered into, whereupon plaintiff advised that the same would be acquired, but permitted the act of acquisition to continue in abeyance notwithstanding attention having been directed thereto subsequently on several occasions. Apparently due to litigation against plaintiff later prosecuted by defendant J. L. C. Guest, plaintiff, by the act of the filing of the cause in hand, foreclosed assignment of the judgment, as this was tantamount to a refusal of performance of the agreement.

The burden of plaintiff's argument is that, conceding the facts established an agreement of an executory accord, this was never executed, and she relies on authorities by this court that lay down the rule that an executory accord without execution is not available as a defense. Defendants concede that to be the general rule, and it is well established (Continental Gin Co. v. Arnold, 52 Okla. 569, 153 Pac. 161), but they contend that their agreement is within the exception thereto, in that the same was accepted by plaintiff in satisfaction of the obligations sued on.

That there is evidence to sustain defendants' contention in point of fact is clear from the record. The point thus made by defendants as a rule of law is stated in 1 C. J. 567, section 98, in this language:

"It is too well settled to admit of doubt that if the promise or agreement itself, and not the performance thereof, is accepted in satisfaction of the demand, and the agreement to accept is based on a sufficient consideration, the demand is extinguished and cannot be the foundation of an action, and it makes no difference whether the original demand was in tort or contract. Under these circumstances, there is a valid accord and satisfaction, even though the promise or agreement is not performed. The sole remedy of either party in case of nonperformance is by action for breach of the new agreement."

The principle has had judicial sanction and application in many jurisdictions, a long list of cases being cited in support of the text. In Bell v. Pitman, 143 Ky. 521, 136 S. W. 1026, a cited case, the court adverted to the principle and its application as follows:

"The question of fact was fairly submitted to the jury, and the only question to be determined on the appeal is whether the facts stated constitute a defense to the action. It is insisted for appellant that it is well settled that an accord without satisfaction is invalid, and is no bar to an action on the original contract. See 1 A. & E. Encyc. of Law and Practice, 641, and cases cited. While this is true, there is a well-sustained exception to the rule, which is thus stated in 1 A. & E. Encyc. of Law and Practice, 642, as follows: 'It is an apparent, rather than a real exception to the rule requiring the accord to be executed, that where a promise or new contract founded upon a new consideration is itself accepted in satisfaction of the contract or claim, there

the accord and satisfaction is good without performance. But it must appear that the plaintiff accepted the agreement alone in satisfaction and discharge of his cause of action."

Under the rule as applied to the case in hand, we are of the opinion that where a creditor and his debtor enter into an agreement of an executory accord based upon the extinguishment of the creditor's demands against his debtor as in part consideration of the agreement, and it is so accepted by the parties, refusal of performance of the agreement by the creditor upon the debtor's having rendered execution of the executory accord possible pursuant to the agreement, and offer of execution by the debtor having been made, will not avoid the operation of the agreement as an accord and satisfaction of the creditor's original demands against his debtor. And the jury by their verdict having so found the facts, and there being evidence in the record to support their verdict, it necessarily follows that the judgment of the district court thereon rendered for the defendants must be, and the same is hereby, affirmed.

BENNETT, REID, LEACH, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.