## Harris, et al. v. Shaffer.

(Decided December 15, 1922.)

## Appeal from Graves Circuit Court.

1. Deeds—Consideration—Liens.—A deed which recites that the consideration is paid in full, affords protection to innocent purchasers of lien notes executed by subsequent vendees under section 2358, Kentucky Statutes

2. Infants—Repudiation of Contract—Equity.—An infant may at any time either before or after he arrives at the age of twenty-one years be relieved of his undertaking to purchase and pay for real estate, if he seasonably applies to a court of equity, and his purchase money notes will be cancelled.

3. Infants—Liens.—The purchase money notes of an infant which have been regularly negotiated before due but which are afterwards cancelled, confers upon the good faith purchaser of such notes a lien upon the land for which the notes were given.

4. Vendor and Purchaser—Acceptance of Notes.—Where a vendor prices his land at $3,000.00 and accepts in payment therefor $1,500.00 cash and three negotiable notes of which the vendee is the holder and payee in absolute payment of the consideration, he runs the risk of the notes being paid and the acceptance of the said notes by him as an extinguishment of the precedent debt is satisfaction, whether the notes are afterwards paid or not.

MOCQUOT, BERRY & REED, W. A. BERRY and J. E. WARREN for appellants.

J. C. SPEIGHT for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

In June, 1919, appellee Shaffer sold certain lands in Graves county to A. J. Harris for $3,000.00, of which sum Harris paid Shaffer $1,500.00 cash and gave him three promissory notes, secured by lien on land, which had been assigned to Harris. Shaffer made Harris a deed showing the consideration $3,000.00 paid, and reciting "cash in hand paid, the receipt of which is hereby acknowledged." Very shortly after Harris purchased the land he sold it to Floyd Lovelace, a boy under the age of twenty-one years, for $8,000.00, taking from Lovelace five lien notes of $1,600.00 each. Shortly after obtaining these notes Harris borrowed from the Ohio Valley Trust Company $2,691.02, for which he executed his

individual note and attached to it as collateral two of the $1,600.00 lien notes given to him by Lovelace for the land. On the 23rd day of June, 1919, Harries executed his promissory note to the City National Bank of Paducah for the sum of $400.00 with interest and attached to said note one of the $1,600.00 Lovelace lien notes. About the same time Harris negotiated one of the $1,600.00 Lovelace lien notes to Eugene Thompson, and Eugene assigned the note to J. N. Thompson, who now holds and claims it. At the time of the bringing of this action Harris still retained one of the $1,600.00 Lovelace notes. All of the said notes negotiated by Harris were taken by the assignees in good faith before due for value and without notice of any infirmity or defect in the said notes. After the transfer of these notes Lovelace, the maker and payor, being an infant, renounced his claim to the land for which the notes were given, and renounced the notes and offered the land back to Harris. He filed a pleading making this renunciation and offer. The court adjudged the notes cancelled and held for naught and adjudged the deed from Harris to Lovelace null and void. As Lovelace was an infant under twenty-one years of age at the time of the making of the notes as well as at the time of the filing of his answer and cross-petition in this case, he was manifestly entitled to be relieved of his contract to purchase the land and to have each of the notes cancelled. Brown v. Ferrell, 83 Ky. 417; Forsee's Admr. v. Forsee, 144 Ky. 169.

Shaffer, who brought this suit to enforce a vendor's lien against the land which he sold to Harris and which was afterwards sold by Harris to Lovelace, claims that his lien on the land for $1,500.00 was retained by reason of the fact that in the printed form deed by which he purchased the land there was contained near the bottom the following: "A lien is hereby retained on the property herein conveyed to secure the deferred payments." But as the deed in its granting clause recited that the sale was for $3,000.00 "cash in hand paid the receipt of which is hereby acknowledged," there appeared to be no unpaid purchase money, and therefore no lien could exist. By section 2358, Kentucky Statutes, it is provided: "When any real estate shall be conveyed and a consideration, or any part thereof, remains unpaid, the grantor shall not have a lien for the same against *bona*

*fide* creditors and purchasers, unless it is stated in the deed what part of the consideration remains unpaid." As Shaffer failed to have the deed show that there was any part of the purchase price of the land unpaid, he could not under said section of our statutes have a lien.

Be that as it may, as between Shaffer who made it possible for Harris to wrongfully obtain the money from Thompson and the two banks on the worthless notes of Lovelace, the equities are all in favor of the three last named and against Shaffer. Had he retained his lien in the deed showing the amount of the purchase money yet unpaid, if any, and that deed had been recorded, as should have been done, he would have been fully protected, for an examination of the deed on record would have clearly shown to inquirers that the full purchase price of $3,000.00 had been paid by Harris to Shaffer. This misled, we may presume, these defendants who accepted the $1,600.00 lien notes made by Lovelace and induced them to purchase the same or to take them as collateral, which is the same thing. As the land reverts to Harris, who owes this money, he will not be allowed to take it and leave his creditors to hold the bag. He represented to each of the banks and to the assignees of the other note that the Lovelace notes were valid lien notes upon the land, and he gave his own note for the amount borrowed. The land is therefore in lien to the banks and to Thompson for the actual amount which Harris obtained by reason of said Lovelace notes and this lien may be enforced against the land and a sale had to pay the debts. After this is done it will be a question of fact as to whether Shaffer, the seller, accepted the three real estate notes from Harris in payment and full satisfaction of the $1,500.00 which Harris was unable to pay in cash at the time he purchased the land in controversy. If Shaffer so accepted them in payment and satisfaction then he is bound by his agreement. In discussing this subject the text of 21 R. C. L., p. 72, says: "If there is an express agreement by the creditor to receive a note as absolute payment and to run the risk of its being paid, it will be held to be an extinguishment or payment of the precedent debt, whether the note is afterwards paid or not." But if he did not so accept them and only agreed to hold them for ten days and until Harris should pay him $1,500.00 in cash and take up the notes, then Shaffer is entitled to be adjudged a lien upon

the land for the balance of the purchase price, but the Shaffer lien will be subsequent and inferior to the lien of the banks and Thompson.

Judgment reversed for proceedings not inconsistent with this opinion.

Judgment reversed.