## Universal Credit Co. v. Hibbard.

(Decided May 17, 1938.)

HENRY L. BRYANT for appellant.

E. N. INGRAM for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

The Universal Credit Company, a Michigan corporation authorized to engage in the business of financing the purchase of automobiles, brought this action against Dallas Hibbard and James Hibbard in the Bell circuit court to recover the sum of $362, the balance alleged to be due under a conditional sales contract, for an automobile which Dallas Hibbard purchased from the Harlan Automobile Company on April 11, 1935. James Hibbard is the father of Dallas Hibbard.

It was alleged, in substance, that the defendants purchased the automobile from the Harlan Automobile Company of Harlan, Ky., on the deferred payment plan by written contract which they executed and delivered to the seller. They agreed to pay for the automobile the sum of $822.76, which included financing charges; $246.76 was paid in cash to the Harlan Automobile Company, leaving a balance due of $576, for which they executed a note payable in monthly installments of $36 each. The contract provided that title to the property should not pass to the purchaser until all sums under the contract were paid. The note and contract were assigned by the Harlan Automobile Company to the Universal Credit Company, and the defendants paid five monthly installments and $34 on the sixth installment, making $214 in all paid on the note. It seems that these payments were made to the Harlan Automobile Company. The defendants moved to Bell county, the payments ceased, and this suit followed. The plaintiff asked for an order of delivery for the automobile, and it was taken by the sheriff and delivered to the plaintiff, who, in turn, delivered it to the Harlan Automobile Company. The defendants filed an answer and cross-petition, which was in two paragraphs. In paragraph 1 they traversed the allegations of the petition, and alleged affirmatively that James Hibbard signed the note and contract as surety. In paragraph 2 Dallas Hibbard alleged that he paid to the Harlan Automobile Company the sum of $246.76 when the contract was made and thereafter the sum of $334, or $580.76 in all. He also alleged that at the time the contract was entered into he was an infant under 21 years of age; that this fact was known to the Harlan Automobile Company, and that for this reason it had the defendant James Hibbard sign the contract as surety for the defendant Dallas Hibbard; that he was still under 21 years of age; and that he elected to repudiate the con-

tract sued on and was therefore entitled to have the cross-defendant Harlan Automobile Company refund to him the amount of money paid on the contract by him, to wit, $580.76. The only relief sought against the plaintiff, Universal Credit Company, was the dismissal of its petition, but he prayed recovery on his cross-petition against the Harlan Automobile Company in the sum of $246.76, with interest from April 11, 1935, and the sum of $334, with interest from December 1, 1935. Summons was issued on the cross-petition, and served on the Harlan Automobile Company in Harlan county. It filed a special demurrer to the cross-petition in the Bell circuit court challenging the jurisdiction of the court because the cross-petition disclosed that it resided in Harlan county, and that the contract therein referred to was executed in Harlan county and was to be performed in that county. The special demurrer was sustained, and the cross-petition was dismissed. The demurrer of the plaintiff, Universal Credit Company, to the second paragraph of the answer, in which infancy was pleaded by the defendant Dallas Hibbard, was overruled, and, after proof was heard, judgment was entered in favor of the defendant Dallas Hibbard against the plaintiff for $214, the amount the court found had been paid by him on the note. It was further adjudged that the defendant Dallas Hibbard had a prior lien on the automobile to secure the payment of $246.76, which was paid at the time the contract of sale was made with the dealer, Harlan Automobile Company, and it was further adjudged that he recover of the plaintiff the sum of $246.76, in the event the automobile was not delivered by plaintiff to the master commissioner for sale in satisfaction of the defendant's lien. The plaintiff was given a judgment for the full amount against James Hibbard. He is not a party to this appeal.

The appellant argues that it is a holder in due course of the note sued on, and therefore appellee's infancy is not a defense. A number of cases are cited, but none of them involve the liability of an infant on a note executed by him which had been assigned to a third party for value and without notice of the maker's infancy. The prevailing rule is that promissory notes given by an infant are voidable at the election of the infant, even against holders in due course. Harris v. Shaffer, 197 Ky. 54, 246 S. W. 26; Brannan's Nego-

tiable Instruments Law, Fifth Edition, section 55, p. 559; 8 American Jurisprudence, p. 328, section 641. Sections 22 and 57 of the Negotiable Instruments Law, Kentucky Statutes, sections 3720b-22 and 3720b-57, have not changed the common-law rule. In Williston Contracts, vol. 1, section 233, the author says:

"Though a transaction with an infant is merely voidable, it is unlike contracts voidable for fraud or other equitable ground in this respect; even a bona fide purchaser for value of property formerly belonging to an infant, without notice that the seller acquired title directly or indirectly from an infant, cannot retain the property if the infant elects to rescind his transfer of title and a purchaser for value of even an infant's negotiable note will be defeated by a plea of infancy, since the personal power of the infant is a legal power, which can be exercised against anyone. This rule has, however, been changed in the Uniform Sales Act, which makes no exception in favor of infants to the rule that a bona fide purchaser for value from one who has a voidable title acquires a good title. No statutory change, however, has been made in the rule that an infant may avoid his obligation on a negotiable instrument in the hands of a holder in due course."

It follows that the court's ruling on the plaintiff's demurrer to the answer was correct. Since the defendant could repudiate the contract, he could have recovered from the plaintiff the amount he had paid on the note, had he sought such relief, and he could have recovered from the Harlan Motor Company the amount paid to it when the contract was made by restoring to it the property, if that company had been before the court. However, the defendant did not seek to recover from the plaintiff, Universal Credit Company, any amount, but only sought to have its claim for $362 defeated and to have its petition dismissed. This was the extent of the relief to which he was entitled under the pleadings, and the court erred in entering judgment for any amount other than costs against the plaintiff.

The judgment is reversed, for further proceedings consistent herewith.