*166 . Opinion op the Codkt, bv
Judge Mills.
TO be relieved against a judgment at' law obtained aga*nst him by John Pope, the plaintiffin error filed his bill, alleging that the note on which judgment was rendered, was given to the defendant as a fee to defend a suü then pending against him m the Woodford circuit court; that Pope agreed on his part to attend to the suit as counsel or attorney at law, and if it went to the *167 jg«Jia(jS coixBt^feáppeár fofr him-there; that, the w^s cótn^Eomi|ea,in the courtdfelpw-, bej: ween him ^j.e^^f^acf^.-'thafe'^was expressly jagpeed- .by;'the par-^ tpe.su.iivwas*ev.er compromise the payment ‘of the#B'p.te,!W.as;nót to ’be exacted, but Pone was.to nothp^that event. 1. *
'A'nÍ@iiJv'a;S fo^sicteraticm which was a fee; »ii was uncondition^ al; a bill in chancery al-1<; that if the ’ parties com-shoul^ot°be paid,that t,leJ' did com-i-Xeld^that such allega-tionofaparol ryfn^theVa” written contract, w ™ adraiSi,ib
-answer denies such agreement, or at-least'ahy, r.ej^oll'e.ctiomof it. ■ ,Oue .witness proved the agreement rr&e-’Strongly,' and exceeds, in his testimony, theallegajft,e tious of the bill.
yThe-.-couft below dissolved the injunctioniand dismissed ..the bill. To reverse which decree, ¡¿ffl%rit of er-roa? with; supersedeas is prosecuted, questioning, by the assignment of errors, the propriety of the decree, merits.r
.Before it is necessary to enquire how far the testimony.is sufficient to overturn the answer, it is proper to decide a previous question; that is, how far it is com-petontfor the plaintiff to aver and prove the allegations of -his¡biH, and thereby destroy the effect of the note in question? ’
.-H'ere, the stipulation on the part of the plaintiff is dueed- to writing. The stipulations of the other-party,. whioh-were-to form the consideration of the note, are nqf reduced to writing, and it was unquestionably-competent; for the plaintiff to show, by parol, what that con-«¡deration was, and that the whole, or part of it, had failed. But there is an evident distinction between showing v^t that consideration is, and its failure, and proving'other matter, which goes to alter or vary the written stipulations of the plaintiff himself. Here, there,is no dispute about the consideration of the note, and there is no doubt, even taking the bill as true, that there was noTailure or unwillingness in the defendant, ■in fulfilling it; but he was precluded from doing so, by the compromise of the suit; and the ground on which the.escape of the fulfilment is rested by the plaintiff on his part, is, that the note, in that event, was not to be paid; or, in other words, although his note is absolute on, its.face, and stipulates payment at all events,, yet, atibe; time it was entered into., there was an additional stipulation, which essentiallyyaried, and even-coxitra-i’,.,' dieted, the terms of the-noterthat if was only tp-be.puhH''1 contingently .and .eventually. . if is -a well known., fule of •laWj'.thfhjBfyjarol testimony ean be2 admitted; to-Gq-nl- *168 tradict.onyaryfhe tenate of.a written: cbflfr-átít; 'and Ms >rule is th,e.4ame*ineq.uity as at law. ' -Tp/it-ithdre to some well fou-ndedtexcept'ions. in cases-Where.,Through tkeaddress, fraud,“or-mistake ofthe^parties, the-Ww-t-tea -instrument is made to speak different from.the-cohfiláe'í, or is .read by one/different from the way in which 'ib is written.- In such case, a court of equity will' interpose and-spt the contract aside, or give some appropriate re-Jjjjef. But, to admit evidence thus to affect a contract, if-is.necessary that a foundation should be laid-for it by appropriateMlegations, that the-writing was made,- by some imprSpfer means, to differ from what was intebd-ed. After this- is proved,' then the party may proceed to show what the contract really was, as made, and’ fo prove it'different from what is written. This case does not conform to this rule. There is not the least insinuation that-the note was written different from what was intended, or that either stratagem or mistake caused 'it to differ from the real contract; but the ' plaintiff-rests solely upon the fact, thatthe agreement was,vat- the time, to pay so much money upon an uncertain Góp.tin-'.igency, instead of absolutely, and there is no áeeount . given-, how the note came to differ from the ag-reemept. The testimony offered, therefore, was incompetent, and the allegations of the bill inadequate to change and essentially vary the terms of the note, in a court of equity.
The decree must be affirmed with costs and damages upon the damages given below.