Judge Ewing
delivered the Opinion of the Court.
Lewis brought an action of covenant against Dryden, on the following instrument:—
“ On or before the first day of March next, I do hereby “ oblige and bind myself to deliver to Henry Lewis, “ or his appointed agent, at Maysville, Kentucky; three “ thousand five hundred to four thousand pounds of well “ cured bacon; for and in consideration of which bacon, “ when delivered, and of the quality aforesaid, he, the said “ Lewis, is to pay me seven and a half cents per pound.”
Lewis sued upon this covenant, and assigned for breach, the failure of Dryden to deliver the bacon, without averring the payment of the money, or that he or his agent was at the place during the day, ready and willing to pay.
The delivery of the bacon and the payment of the price, are evidently concurrent acts to be performed simultaneously. To pay when the bacon is delivered, means at the same time, and not afterwards, as is contended by the plaintiff’s counsel. In such cases, it has been repeatedly settled by this Court, that neither can maintain an action without an averment of performance on his part, or an offer to perform, 1 Marshall, 585; 3 Monroe, 10, Asbery vs. Macklin.
A demurrer to a replication (good or bad) must be overruled, if the dec’n is insufficient.
Sad the covenant been absolute to deliver the bacon, without any act to be done on the part of the plaintiff, the general averment of a failure to deliver, negativing the words of the covenant, would have been sufficient.
But in this case, where the price is to be paid, by the express terms of the covenant, when the bacon is to be delivered, an action will not lie for the breach in failing to deliver, without averring the payment of the money, or a readiness and offer to pay it during the day, and at the place designated by the covenant.
If Lewis was not at the place himself on the day fixed, but acted by an agent, it was proper that Dryden should have had notice of his agency, and of his readiness and willingness to receive the bacon and pay the price, for and on behalf of Lewis. And these matters should, also, have been averred in the declaration.
It was not necessary for the plaintiff to have appointed a special agent to attend to this particular business. A general agent with powers sufficiently comprehensive to embrace this case, and who was ready and offered to pay the price, though out of his own funds, would suffice.
The declaration being bad, the Circuit Court erred in overruling the defendant’s demurrer to the replication of the plaintiff.
The judgment is therefore reversed, and the cause remanded, that the demurrer may be sustained. And that the plaintiff have leave, if he desire it, to withdraw his joinder, and amend his declaration.