*Jas. P. Sacksteder, for appellee.*

---

## W. H. McCOWN's ADMR. *v.* JOHN JENNINGS.

[Abstract Kentucky Law Reporter, Vol. 2—315.]

**Advancements.**

When an advancement is pleaded as a defense to a suit on a written instrument, the fact of its being an advancement is inconsistent with and contradicts the writing sued on, both in its import and legal effect, and fraud or mistake should be alleged and established before such defense could be available.

### APPEAL FROM ANDERSON CIRCUIT COURT.

March 17, 1881.

OPINION BY JUDGE PRYOR:

The appellant's intestate intended, doubtless, to make the advancement as indicated by the answer, and as is evidenced by the entry or memorandum made by the testator himself; still, as said by this court in the case of *Haggard v. Hay's Admr.,* 13 B. Mon. (Ky.) 175, the fact of its being an advancement is inconsistent with and contradicts the writing sued on, both in its import and legal effect,—fraud or mistake should be alleged and established before such a defense could be available. It might be, as was decided in that case, that an averment to the effect that the administrator,

after payment of debts, had enough in his hands to make the other distributees equal, would constitute an equitable defense, but no such defense is made.

Judgment *reversed* and cause remanded for further proceedings.

*Ira Julian, John Felix, for appellant.*

*T. C. Bell, for appellee.*

### Petition for Rehearing.

[Abstract Kentucky Law Reporter, Vol. 2—436.]

### APPEAL FROM ANDERSON CIRCUIT COURT.

May 5, 1881.

OPINION BY JUDGE PRYOR:

Although the attention of the court was called by the brief of counsel alone for the appellee to the questions of fact, the conveyance, or rather its contents, by the appellee to the other heirs was overlooked. This conveyance and agreement between the heirs recognizes the fact that the note in controversy was an advancement, and in consideration of that fact Jennings and wife have relinquished all interest in the estate to the other children. If the intention of the intestate was to make all the children equal, they have for a valuable consideration waived any such right by agreeing that Mrs. Jennings shall retain what she has received, relinquishing all right to any greater interest. Such a contract the parties were competent to make, and the administrator ought not to be permitted to collect the note when it is evident that it is not necessary for the payment of debts. Those having the right to it in the final distribution have consented that Mrs. Jennings shall have it, and as there is an ample estate left to pay the debts, or at least no pretense that there is not, the judgment should be *affirmed*.

*Felix & Julian, for appellant.*

*T. C. Bell, for appellee.*