## Hays' Executrix v. S. A. Burns, Drainage Commissioner for Daviess County.

(Decided December 3, 1926.)

### Appeal from Daviess Circuit Court.

1. Drains—Statute Providing that Board of Drainage Commissioners May Employ Attorney Must be Construed from Point of View that it Pertains to Corporation Discharging Governmental Functions (Ky. Stats., 1922, Section 2380-46).—Ky. Stats., section 2380-46, authorizing board of drainage commissioners to employ attorney, must be construed from point of view that it pertains to corporation discharging governmental functions, rather than to private corporation organized for profit, discharging some public service.

2. Statutes—Whether Statute is "Mandatory" or "Directory" Depends on Legislative Intent, Ascertained on Fair Interpretation from Considering Entire Act.—Whether statute is mandatory or directory depends, not on form, but on legislative intent, ascertained by fair interpretation from consideration of entire act, its nature, object, and consequence of a construction of it, a "mandatory" provision rendering proceeding not following it, void, while a "directory" provision does not.

3. Drains—Requirement of Statute that Contracts of Boards of Drainage Commissioners Employing Attorneys be in Writing is Mandatory (Ky. Stats., 1922, Section 2380-46).—Ky. Stats., 1922, sections 2380-46, requiring contracts made by boards of drainage commissioners employing attorneys to be in writing, is mandatory, in view of section 2380-7.

4. Drains—Orders of Board of Drainage Commissioners Held Insufficient as Written Contract of Employment of Attorney Under Statute (Ky. Stats., 1922, Section 2380-46).—Orders of board of drainage commissioners, reciting that attorney was directed to defend suit, and that he was ordered to print brief in that matter, and allowed expenses in connection therewith, held insufficient, as written contract of employment under Ky. Stats., 1922, section 2380-46.

5    Drains—Attorney Rendering Services to Board of Drainage Com-
     missioners, Without Written Contract of Employment, Required
     by Statute, Cannot Recover on Quantum Meruit (Ky. Stats., 1922,
     Section 2380-46).—Attorney, rendering services to board of drain-
     age commissioners, without written contract of employment re-
     quired by Ky. Stats., 1922, section 2380-46, cannot recover on quan-
     tum meruit since he would be doing indirectly what statutes forbid
     to be done directly, and law raises no implied promise to pay for
     benefits received by corporation discharging governmental func-
     tions under void contract made by its officers.

6.   Municipal Corporations—Law Raises no Implied Promise by Cor-
     poration Discharging Governmental Functions to Pay for Benefits
     Received Under Void Contract.—Implied promise to pay for bene-
     fits received under void contract is not raised as to corporation
     discharging governmental functions.

7    Municipal Corporations—Corporation Discharging Governmental
     Functions Must Restore Benefits Received Under Void Contract.—
     Corporation discharging governmental functions, which received
     benefits under void contract, is bound to restore them if it can.

AUD & HIGDON for appellant.

SLACK, BIRKHEAD & SLACK for appellee.


OPINION OF THE COURT BY JUDGE DIETZMAN—Affirm-
ing.

Alleging that he had been employed by the board of drainage commissioners for Daviess county, Kentucky, which, under the statute, was a body corporate (section 2380, subsection 7 of Carroll's Statutes, 1915 edition), to represent it in certain litigation brought against it and then pending in the courts, and that pursuant to such employment he had represented the board in that litigation not only in the circuit court but in the Court of Appeals, the appellant's decedent brought this action against the board to recover a reasonable fee for the services so rendered the board under that employment. By an amended petition he set out a little more fully the nature of the services and also two orders of the board which were recorded in the record of its proceedings, one of which recited that a certain suit had been brought against the commission and that "our attorney, J. R. Hays, is directed to defend said suit for us," and the other of which stated that in the same litigation referred to in the previous order J. R. Hays was ordered to print the brief he had prepared for the board for use in this court, and that he was allowed $20.00 for his expenses in coming

to Frankfort in connection with that litigation. A demurrer was interposed to the original petition and sustained and then again to the amended petition and was again sustained. The plaintiff declining to plead further, his suit was dismissed and he was granted an appeal to this court. He thereafter died and the action was revived in the name of the appellant as his executrix. In the meantime the statute was amended reducing the number of commissioners on the board from three to one (section 2380, subsection 7 of Carroll's Statutes, 1922 edition), and the present appellee was substituted for the original three drainage commissioners.

Section 2380-46 of the statutes reads:

"The board of drainage commissioners may employ an attorney to advise said board. Such employment shall be evidenced by an agreement in writing, which, as far as possible, shall specify the exact amount to be paid to said attorney for all services and expenses. Such attorney shall conduct all legal proceedings and suits in court where the corporation is a party or interested, and shall in all legal matters advise the said board of drainage commissioners, all officers, employees or agents of said district and board, and generally look after and attend to all matters of a legal nature for said board and district. Where no attorney is employed, such legal services shall be performed by the county attorney."

The circuit court took the position it did in this case because it was of opinion that this section of the statutes is mandatory, and that inasmuch as the appellant's decedent had not averred that he had been employed by a contract in writing, and that, in the absence of such averment, the presumption is that it was oral, Blish Milling Co. v. Detherage, 155 Ky. 319, 159 S. W. 816, he could not maintain this action. In the case of Dillingham v. Board of Drainage Commissioners of McCracken County, 214 Ky. 263, 283 S. W. 95, which involved the liability of the board of drainage commissioners of McCracken county for the negligence of its employees, and which decided that the board was not so liable, we said:

"An examination of our statutes relating to public ditches and drains (sections 2380 and 2380b, and their various subsections) will disclose that a

board of drainage commissioners organized there-under is but an arm of the state, an instrumentality of government, and that in doing such things and performing such acts as it is given authority to do and perform, it is engaged as an agency of the state in the performance of governmental functions.''

In view of the foregoing, it is clear that in construing section 2380-46 of the statutes we must approach it from the point of view that it pertains to a corporation discharging governmental functions rather than to a private corporation organized for private profit though discharging some public service. In Caldwell v. First National Bank, 151 Ky. 720, 152 S. W. 757, we quoted with approval the following from 36 Cyc. 1157:

''A mandatory provision in a statute is one the omission to follow which renders the proceeding to which it relates illegal and void, while a directory provision is one the observance of which is not necessary to the validity of the proceeding. Whether a particular statute is mandatory or directory does not depend upon its form, but upon the intention of the legislature, to be ascertained from a consideration of the entire act, its nature, its object, and the consequences that would result from construing it one way or the other. . . . When a fair interpretation of a statute, which directs acts or proceedings to be done in a certain way, shows that the legislature intended a compliance with such provision to be essential to the validity of the act or proceeding, . . . then the statute must be regarded as mandatory.''

Section 2380-7 of the statutes provides that these boards shall keep a record of their proceedings, which shall be open for public inspection. The revenue which these drainage commissions enjoy is derived from assessments levied on the drainage district. It is quite apparent then that the owners of the lands subject to such assessments have a vital interest in the due, orderly and economical administration of the commissions' duties. If this be true the legislature must have intended that the provision of the statute requiring the contracts of employment of attorneys to be in writing should be man-

datory in order that they might be public records, open for public inspection at all times, and not resting in the uncertain memory of drainage commissioners who might die or move away and be changed. It is our opinion, then, that section 2380-46 of the statutes is mandatory and that it requires contracts of employment such as the one here involved to be in writing. As the petition as amended failed to aver that the contract here involved was in writing, it was fatally defective. The orders of the board set out in the amended petition by no means measure up to a written contract of employment and so did not aid the averments in the petition as amended. It is argued, however, that the services having been rendered to the board and it having accepted the same, the appellant's decedent was at least entitled to recover on a *quantum meruit*. To permit him to do this, would be to enable him to do indirectly what the statutes forbid him to do directly. Further, it is well settled that, where a corporation discharging governmental functions like the corporation here involved is not bound by the contracts made by its officers because such contracts are void, the law does not raise any implied promise to pay for any benefits received by such corporations under such void contracts. Worrell Mfg. Co. v. City of Ashland, 159 Ky. 656; 167 S. W. 922; City of Princeton v. Princeton Elec. Light & Power Co., 166 Ky. 730, 179 S. W. 1074. Of course, if it can restore to the other party such benefits so received, it is its duty to do so. Walker v. City of Richmond, 173 Ky. 26, 189 S. W. 1122. But there is no implied promise raised to pay for the same. Otherwise the provisions of the law which render such contracts void could too easily be set at naught. It follows, then, that waiving the question whether having declared on an express contract, appellant's decedent could recover on a *quantum meruit,* he certainly could not recover on a *quantum meruit* under the circumstances of this case.

The lower court correctly sustained the demurrer to the petition as amended, and on the appellant's decedent declining to plead further correctly dismissed his suit. Its judgment is affirmed.