## Lincoln v. Burbank.

(Decided February 4, 1927.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, Second Division).

1. Evidence—Oral Evidence that Written Contract was Delivered on Condition Precedent is Admissible to Show no Valid Contract was Made.—Oral evidence that written contract was delivered on condition precedent, that it should not take effect until happening of certain contingency, does not contradict or vary terms of writing or introduce any new terms or conditions therein, and is therefore admissible to show that no valid contract was made.

2. Evidence—Oral Evidence is Inadmissible to Show Condition Subsequent to Written Contract, in Absence of Pleading of Omission by Fraud or Mistake.—Oral evidence is inadmissible to show condition subsequent to written contract, since such evidence admits existence of contract and superimposes additional conditions therein, hence it is necessary that pleading state condition subsequent was omitted by fraud or mistake.

3. Evidence—Oral Agreement that Agent would Advance Premiums is no Defense to Suit on Premium Notes, in Absence of Allegation of Fraud or Mistake.—Oral agreement that insurance agent would advance premiums and take insurance notes therefor constituted a plain and palpable alteration of terms of policies, and could not be relied on as defense to suit on notes, in absence of allegation of fraud or mistake.

WALTER P. LINCOLN for appellant.

W. F. BAUMEISTER for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY— Affirming.

S. M. Burbank brought this action against D. J. Lincoln to recover on two notes and a check which were not paid. A demurrer was sustained to Lincoln's answer and counterclaim as amended, and, he having declined to plead further, judgment was rendered against him, and he appeals.

The allegations of the amended answer and counterclaim are in substance as follows: Appellee was the state agent of the Aetna Life Insurance Company. Prior to August 25, 1923, appellant applied to appellee for a $10,-000.00 policy on his life. The application was accepted and the policy was issued. On September 12, 1923, appellee, without application or request from appellant, had his company issue to appellant two policies for $10,000.00 each, and presented them to appellant for acceptance.

Appellant refused to accept the policies on the ground that he was unable to provide for the premiums. Thereupon appellee stated and represented to appellant in the interest of his agency and his own emoluments therein that if appellant would take and retain the policies of insurance that he, appellee, would advance the premiums on both policies and take appellant's notes therefor ''and renew the same from time to time until such time as the company would carry the premiums on the pledge of the policies, to-wit, until three annual premiums thereon had been paid.'' Upon consideration thereof, and at the instance and upon the representations so made by appellee to appellant, appellant accepted the said offer and took and retained said policies and executed and delivered the notes for the first premium thereon and in all respects duly complied with his part of said agreement. Appellee, in violation of his said agreement, and in breach of appellant's rights, failed and refused to carry out or perform his undertaking and failed and refused to advance the second year's premium on said policies, although appellant offered and tendered to execute and deliver his notes therefor to appellee, and suffered and permitted his company to cancel said policies for want of premiums, although appellant had paid appellee on account of the money so advanced the sum of $860.40, which was more than sufficient to have retained one of the policies in force for more than six months after the sum was permitted to lapse, and more than sufficient to pay the company his part of the premiums on one of said policies. Appellee's commission on the first premium on said policies amounted to at least the sum of $408.00, and appellant had been damaged and injured by appellee's breach of the agreement in a sum equal to the amount sued on and the commissions retained by appellee. Appellant asked that the petition be dismissed and for judgment over against appellee for the sum of $408.00.

It is the rule in this state that oral evidence that a written contract was delivered on condition precedent that it should not take effect until the happening of a certain contingency does not contradict or vary the terms of the writing or introduce any new conditions therein, and is therefore admissible to show that no valid contract was made. Hence, in pleading that an instrument was delivered on condition precedent, it is not necessary to allege that the condition was omitted from the

contract by fraud or mistake. On the other hand, it is equally well settled that oral evidence is inadmissible to show a condition subsequent to a written contract, since such evidence admits the existence of the contract and superimposes additional conditions therein. Hence, where a condition subsequent is relied on, it is necessary for the pleading to state that it was omitted from the instrument by fraud or mistake. Pickrell, et al. v. Wilson, et al., 199 Ky. 20, 250 S. W. 135; J. I. Case Threshing Machine Co. v. Barnes, 133 Ky. 321, 117 S. W. 418. The facts pleaded in this case do not show that the instruments sued on were delivered with the understanding that they were not to take effect until the happening of a certain contingency. On the contrary, the gist of the defense is that appellee would advance the premiums on both policies and take appellant's notes therefor and renew the same from time to time until such time as the company would carry the premiums on the pledge of the policies, that is, until three annual premiums thereon had been paid. In other words, the instruments, although payable for a fixed sum and at a particular time, were not to be paid then, but were to be renewed until the company itself would carry the policies. In the early case of Dale v. Pope, 4 Littell 166, the court announced the rule that, where the note is for the absolute and unconditional payment of money, it cannot be defeated, either in law or equity, by alleging and proving that it was not to be paid, except on a contingency. In McCown's Admr. v. Jennings, 2 Ky. Law Rep. 315, it was held that, in the absence of an allegation of fraud or mistake in the execution of the note, the payee could not defend upon the ground that the amount for which the note was executed was intended by plaintiff's intestate as an advancement to him. In Curran v. Askin, 7 Ky. Law Rep. 367, it was held that a note payable at a fixed date could not be assailed by showing that it was to be paid only at the maker's death, or not at all if he should survive the payee. In Ward v. Jones, 11 Ky. Law Rep. 273, it was held that, in the absence of fraud, accident or mistake, an absolute note could not be changed by parol evidence into a conditional obligation. In Bowers' Exor. v. Linn, 14 Ky. Law Rep. 889, it was ruled that it could not be shown by parol, without allegation of fraud or mistake, that it was agreed at the time of the execution of an unconditional note that the obligors would not be required to pay any part of it,

further than such sum as could be realized out of the stock of goods for which the note was executed. In Moore v. Parker, 15 Ky. Law Rep. 125, it was ruled that, in the absence of an allegation of fraud or mistake, the maker could not show by oral testimony that the payee agreed that if he should become dissatisfied he should have the privilege of returning the certificates of stock for which the note was executed and have the note returned to him. In Citizens' Bank of Dyersburg, Tenn. v. Millett, 103 Ky. 1, 44 S. W. 366, 20 Ky. Law Rep. 5, 44 L. R. A. 664, 82 Am. St. Rep. 546, we ruled that parol evidence is not competent to show that the payee of a bill drawn by an agent in his own name upon his principal agreed to look to the principal alone for payment. In Allen v. Thompson, 108 Ky. 476, 56 S. W. 823, 22 Ky. Law Rep. 164, we held that the defense that the note and mortgage sued on were executed on the understanding that the money was not to be collected as long as defendants paid the monthly dues on two policies of insurance issued by the mortgagee on their lives and the interest accruing on the loan, was not good, it being inconsistent with the written contract, and there being no plea of fraud or mistake. In Stewart v. Gardner, 152 Ky. 120, 153 S. W. 3, the court ruled that parol evidence that notes containing an unconditional promise to pay the money therein specified were executed under an agreement that they were not to be binding is inadmissible, in the absence of proof of fraud or mistake. In Fechheimer v. Goldnamer, 169 Ky. 243, 183 S. W. 541, we ruled that, in the absence of averments of fraud or mistake, so much of the petition as set up a parol contemporaneous agreement that the note should not mature until the maker disposed of his business was properly stricken, since, without such averment, the terms of the paper could not be varied or contradicted by prior or simultaneous parol agreements. As the defense in this case was an oral and contemporaneous agreement on the part of the payee that the instruments sued on, although payable for a fixed sum and at a particular time, were not to be paid then, but were to be renewed until the company itself would carry the policies, it can not be doubted that the agreement was a plain and palpable alteration of the terms of the instruments, and, in view of the foregoing opinions, can not be relied on in the absence of an allegation of fraud or mistake.

Judgment affirmed.