# Barret v. Clarke.

### (Decided October 30, 1928.)

## Appeal from Henderson Circuit Court.

1. Accord and Satisfaction.—Where broker, after accepting check in payment of services for selling principal's property, agreed not to cash checks and to extend time of payment, accepting seller's notes, in the absence of fraud or mistake in their procurement when seller agreed to give notes and broker agreed to accept, there was an accord between the parties.

2. Accord and Satisfaction.—An unexecuted accord, made subsequent to obligation, does not bar recovery on the original cause of action.

3. Accord and Satisfaction.—If unexecuted agreement was intended to take and did take place of prior obligation or contract giving rise to controversy, accord is bar to recovery on the first obligation.

4. Payment.—Anything delivered and accepted in discharge of obligation is payment of debt.

5. Accord and Satisfaction.—If demand is discharged in manner different from that called for by contract, there is a sufficient new or additional consideration to support the transaction as accord and satisfaction.

6. Contracts.—Where notes were delivered as payment of check, in substitution therefor, to broker as commission for selling property, previous negotiations and agreements were merged in the execution of the new contract; the final agreement of the parties being embraced in the notes.

7. Evidence.—Where notes were given broker for amount of commission for selling maker's property, limitations, claimed by maker to be attached to notes, to effect that it was agreed between him and broker that notes were to be paid only in event purchasers of property accepted deed and made payments in accordance with terms of sale, being conditions subsequent to execution of notes, could not be sustained by parol evidence.

8. Evidence.—Parol evidence is admissible to prove delivery of note having contingency attached, such being precedent to its taking effect, so that title did not pass until satisfaction of proviso.

9. Bills and Notes.—Maker of notes being unable to sustain by competent evidence his plea that they were conditionally executed

and failure of consideration arising therefrom, trial court properly gave peremptory instruction for payee suing thereon.

JOHN C. WORSHAM and M. ALVES for appellant.

DORSEY & DORSEY and L. R. CURTIS for appellee.

OPINION OF THE COURT BY COMMISSIONER STANLEY— Affirming.

The appellee, D. C. Clarke, brought this suit against appellant, William T. Barret, on a note for $1,000. Admitting the execution of the note, in various pleadings the appellant set up these facts in defense: He entered into a contract with appellee as a real estate agent for the subdivision and sale of a tract of land in Lewis county, the consideration to be paid appellee being 20 per cent. of the gross proceeds. An auction sale was had on Saturday, October 28, 1922, the gross bids aggregating $12,-580, and that afternoon Barret gave Clarke a check for his full commissions of $2,516, and the latter left for Louisville. On Monday, following, while preparing to execute deeds to purchasers of the lots, Mr. Barret was advised that he could not convey a clear title, as his deceased wife had owned a joint interest and her infant children had inherited it. He immediately wired Clarke not to cash the check. It was then agreed between Barret and all of the purchasers, except one J. D. Likens, whose bid amounted to $4,950, that the initial payments of 50 per cent. of the purchase price should be held in escrow by a banker at Vanceburg until Mr. Barret could secure a decree to sell the property and buy it and then make the deeds to the purchasers. After making this arrangement, he went to Louisville and advised Clarke's agents of the situation, and it was finally agreed that Barret should execute and deliver to Clarke in payment of the commissions two notes dated November 2, 1922, one for $1,516, maturing within 30 days, and the other for $1,000, due in six months. He alleged that such notes were executed under an agreement with appellee that he would pay the first note out of his tobacco money and that the other note should be paid out of the proceeds of the lots when he received such proceeds, and that it was not to be paid unless the sales went through. The decree was secured, and Barret acquired title to the property and executed deeds to the purchasers of the lots, except Likens and one or two others, whose total bids amounted to $6,-577.50, on which appellee's commissions were $1,315.50.

Appellant says he paid the first note of $1,516 before he received notice that the purchasers would not accept their deeds, yet he admits on the Monday following the sale Mr. Likens definitely declined to take the lots knocked off to him and had refused to sign the agreement respecting the perfection of title.

Mr. Barret also pleaded that the plaintiff (appellee) was estopped to enforce the collection of the note sued on because when the contract was executed, and when the lots were offered for sale and the bids accepted by Clarke, he had knowledge of the infirmities in the title, and knew that he could not make warranty deeds and that the purchasers could not be forced to comply with their bids. He also pleaded that there was no consideration for the notes, reference to which plea will hereinafter be made.

Appellant made his answer a counterclaim against appellee for $200.50, claiming that the first note of $1,516, which had been paid, included that sum in excess of what appellee was entitled to as commissions.

The affirmative allegations were traversed, and the case coming to trial, Mr. Barret testified substantially to the facts stated in the pleadings. At the conclusion of his testimony the court gave a peremptory instruction to the jury to find for the plaintiff (now appellee), and under such instructions a verdict and judgment were rendered against the defendant (now appellant), from which judgment he prosecutes this appeal.

Counsel have confined their discussions to the liability of an employer of a real estate agent for commissions when a sale was not consummated by reason of the defective title in the principal, the attorneys for appellee arguing that the broker is entitled to his commissions under such circumstances, and appellant's attorneys contending that he is not entitled to them when the broker had notice of the infirmity in the title, such as they say the record shows appellee had in this instance. Both the general rule and the exceptions respectively relied on are stated in Renick v. Mann, 194 Ky. 251, 238 S. W. 763, and Womack v. Douglas, 157 Ky. 716, 163 S. W. 1130. However, the decision of this case does not depend upon either ground under the view which we take of it. Whether the facts stated would be sufficient to relieve appellant of the payment of these commissions if the notes had not been executed we need not determine.

1. There existed a difference between the parties as to the liability for the commissions; Clarke claiming they were payable under the terms of their contract, and Barret insisting he ought not to be required to pay the commissions until the sales had been fully consummated (although he had given his check in full payment at the close of the auction). Clarke convinced him his construction of their contract was correct, and Barret, not having received the expected cash payments on the lot sales, says he could not meet the check. Appellee agreed to give him an extension of time and accept his notes. They were then executed and delivered, as stated, and the first one paid. In the absence of fraud or mistake in their procurement, when appellant agreed to give the notes and appellee agreed to accept them, there was an accord of the matters between the parties.

It is true the note sued on remains unpaid and to that extent appellee's obligation has not been satisfied, and also that it is well settled an unexecuted accord does not bar a recovery on the original cause of action. Barr v. Gilmour, 204 Ky. 582, 265 S. W. 6. There is, however, a recognized exception to the general rule, which is to the effect that if the unexecuted agreement was intended to take and did take the place of the original obligation, or contract which gave rise to the controversy, such for example as an agreement to pay a different sum or the same sum in a different way, then the accord is a bar to recovery on the first obligation. But as an exception it is more apparent than real, since the new agreement must in fact be in lieu and substitution of the old one, and must have been made in satisfaction of the accord. It becomes, then, essentially an accord and satisfaction and is controlled by the law relating to that doctrine.

Payment need not necessarily be in money. Anything delivered and accepted in discharge of an obligation is payment of the debt, and if a demand is discharged in a manner different from that called for by the contract between the parties, there is a sufficient new or additional consideration to support the transaction as an accord and satisfaction. 1 R. C. L. 187. Hence, if the notes involved were executed and delivered as payment of the pre-existing claims of appellee, it constituted an accord and satisfaction, and the defenses interposed to defeat recovery of the note sued on, and the allegations of the counterclaim, cannot avail.

It is manifest from the pleadings and evidence of appellant that these notes were so intended and were given

in substitution of appellant's check.  Previous negotiations and agreements were merged in the execution of the new contract, and the final agreement of the parties is embraced in the notes.  This conclusion is supported by many authorities.

In Harris, etc. v. Shaffer, 197 Ky. 54, 246 S. W. 26, it appeared that Shaffer had accepted the notes sued on in payment of others and they were held to be an accord and satisfaction of the original obligations.  The following text from 21 R. C. L. 72, was quoted in the opinion as authority:

> "If there is an express agreement by the creditor to receive a note as absolute payment and to run the risk of its being paid, it will be held to be an extinguishment or payment of the precedent debt, whether the note is afterwards paid or not."

Mays v. Stegeman, 213 Ky. 60, 280 S. W. 464, and the cases cited, are illustrative of the application of the principle of the so-called exception to the general rule that, where the accord is entered into and effected in lieu of the original contract or claim, then the accord is good without satisfaction.  And in Bell v. Pitman, 143 Ky. 521, 136 S. W. 1026, 35 L. R. A. (N. S.) 820, reference is made to the other cases as follows:

> "Thus in Peace v. Stennet, 4 J. J. Marsh. 449, Peace pleaded that he had executed a note to Stennet which Stennet had accepted in satisfaction of the claim.  It was held that the plea was sufficient although the note had not been paid.  In Tomlin v. McChord, 6 J. J. Marsh. 1, McChord sold a tract of land to Tomlin and he executed to McChord a note for $200 to be paid on certain conditions.  When sued on this note Tomlin pleaded that subsequently they had made an agreement by which he had executed a note to McChord payable on other conditions in compromise of the note sued on.  It was held that the plea was good.  In Price v. Price, 111 Ky. 771 (64 S. W. 746, 66 S. W. 529, 23 Ky. Law Rep. 1086, 1911), the plaintiff held a note on the defendant for $4,000, and when sued on the note he pleaded that it had been agreed between them in writing that he should pay the plaintiff $62.50 every three months during his natural life, and that this should be in full of the $4,000.  The defense was sustained."

2. Appellant's plea of no consideration was in substance that it was understood and agreed between plaintiff and himself that the notes were to be paid only in the event purchasers of the lots accepted deeds and made the payments in accordance with the terms of the sale, and if they did not do so then the notes would not be payable. He alleged that to the extent the notes represented appellee's commission on lots not accepted by the purchasers they were without consideration. Appellant's testimony is to the same affect. Such plea, however, cannot be sustained, for it is but an effort to vary the terms of the notes by showing by parol evidence a verbal stipulation entered into contemporaneously with the execution and delivery of those written memorials of their agreement. Each note is complete on its face, is an unconditional promise to pay a sum certain at a designated time, and purports to contain the entire contract. The limitations which appellant says were attached to the notes are conditions subsequent to their execution and cannot be sustained by parol evidence. The rule is thus stated in Simons v. Douglas, Ex'r, 189 Ky. 644, 225 S. W. 721:

"Under such circumstances, evidence of prior or contemporaneous parol agreements, that vary, alter or contradict the terms of the writing is not admissible, unless the party complaining of the terms of the writing, alleges that the terms of the contract as written and executed are different from the terms of the actual contract, which was intended to be entered into and that the execution of it, as written, was either caused by the fraud of his adversary, by mistake upon his part and fraud on the part of his adversary, or by the mutual mistake of both; and such allegations would necessarily have to be made to show a good defense to an action upon the writing, when the defense is that the contract is other than expressed in writing. Dale v. Pope, 4 Litt. 166; Citizens' Bank v. Millett, 103 Ky. 1 (44 S. W. 366, 20 Ky. Law Rep. 5, 44 L. R. A. 664, 82 Am. Stat. Rep. 546); Ward v. Jones, 11 Ky. Law Rep. 273; Curran v. Askin, 7 Ky. Law Rep. 367; McCoun's Admr. v. Jennings, 2 Ky. Law Rep. 315; Moore v. Parker, 15 Ky. Law Rep. 125; Bowers v. Linn, 14 Ky. Law Rep. 889; Williams v. Beazley, 3 J. J. Marsh. 577; Garten v. Chandler, 2 Bibb 246; McKegney v. Widekind, 6 Bush 107; Kreitz v. Gallenstein, 170 Ky. 16 (185 S. W. 132); Fairbanks, Morse & Co. v. Manning, 164

Ky. 478 (175 S. W. 1000) ; Castleman, Blakemore v. Pickrell, 163 Ky. 750 (174 S. W. 749) ; Tross v. Bill's Executrix, 189 Ky. 115 (224 S. W. 660). Allegations in support of the truth of which no evidence is admissible could not constitute a defense to an action.''

In Simpson v. Blaine, 191 Ky. 465, 230 S. W. 934, it was held that parol evidence was not admissible to prove that the payee in a note had agreed he would not exact payment when the note became due if the maker did not then want the stock for which it was given in payment, or that he would let the note run as long as the maker wanted it to run. The reason for the decision is thus given:

> ''It is the rule in this state that where by writing there is an unqualified promise to pay, parol evidence of contemporaneous declarations and agreements is not admissible to contradict the terms of the writing, unless the writing shows on its face that it is only a part of the contract between the parties. Tross v. Bills' Executrix, 189 Ky. 115 (224 S. W. 660), and authorities there cited.
>
> ''The note in this case was an unqualified and unconditional promise to pay the money to appellant and with this incompetent evidence eliminated the court should have sustained appellant's motion to direct a verdict for him.''

In Pickrell v. Wilson, 199 Ky. 20, 250 S. W. 135, and in Mercer-Lincoln Pineknob Co. v. Pruitt, 191 Ky. 210, 229 S. W. 374, the distinction between conditions precedent and conditions subsequent is pointed out. If there is a contingency attached to the delivery of the note, such is precedent to its taking effect and title does not pass until such proviso is satisfied. Parol evidence is admissible to prove such conditional delivery. But if the contingency relates to matters arising subsequent to the execution of the note, that is, super-imposes additional stipulations as to its payment, such are conditions subsequent, and parol evidence is clearly not admissible. Such is the case we have here.

Had the conditions relied on by appellant been embraced in the note, or otherwise reduced to writing at the time, and been contradicted, there would have been an issue to submit to the jury. But since the appellant was not able to sustain by competent evidence his plea of con-

ditional execution and failure of consideration arising therefrom, the trial court properly gave a peremptory instruction for the appellee.

The judgment is affirmed.