## Payne et al v. Claypool.

(Decided October 14, 1930.)

RODES K. MYERS for appellants.

B. S. HUNTSMAN for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

Ray Claypool sued W. E. Payne and Phil Valenti upon a promissory note for $682, with interest from its date, less a credit of $42. The execution of the note was admitted, but the defendants relied in their answer upon an allegation that when the note was executed a contract was made whereby the note should be paid in installments out of the proceeds realized from the operation of the "penny scales" purchased by the defendants from the plaintiff, and for which the note was given. The averments of the answer were traversed by the reply, which set up also that the note in suit was given in settlement of an action instituted by the holder of a previous note. At the conclusion of the evidence the circuit court directed a verdict for the plaintiff. The defendants have prosecuted an appeal.

The peremptory instruction for the plaintiff was rested upon the ground that a novation occurred when the suit upon the original note was settled. Appellants insist that notwithstanding the fact that the form was changed, the original debt remained and the new note constituted merely a renewal of the old obligation. 29 Cyc. 1134; Russell v. Centers, 153 Ky. 469, 155 S. W. 1149. Back of that, however, an insuperable obstacle lies in the way of the defense interposed. The answer did not aver that the alleged contract made when the original note was given was in writing. It is presumed, therefore, that an oral agreement was pleaded. Newman's Pleading & Practice, sec. 306; Byasse v. Reese, 4 Metc. 372, 83 Am. Dec. 481; Fiscal Court of Breckinridge County v. Trustees of the Town of Hardinsburg (Ky.) 118 S. W. 298, 299; Todd v. Finley, 166 Ky. 546, 179 S.

W. 455; Blish Milling Co. v. Detherage, 155 Ky. 319, 159 S. W. 816.

A verbal agreement is not admissible to vary, alter, or contradict the terms of a promissory note containing an absolute and unconditional promise to pay a fixed sum at a definite time and place. Simons v. Douglas, 189 Ky. 644, 225 S. W. 721; Lincoln v. Burbank, 218 Ky. 89, 290 S. W. 1081; Simpson v. Blaine, 191 Ky. 465, 230 S. W. 934; Tross v. Bills' Ex'x, 189 Ky. 115, 224 S. W. 660; Barret v. Clarke, 226 Ky. 109, 9 S. W. (2d) 1091.

The defendants, to extricate themselves from that dilemma, offered in evidence a writing purporting to contain the terms of the side contract made when the original note was given. But it developed on cross-examination of the witness that the writing had not been executed simultaneously with the note, or that plaintiff had any knowledge thereof. It had been signed a few days before the trial by the person who negotiated the original transaction, and whose connection with the matter had ceased several years earlier. In that situation the writing was nothing more than the ex parte statement of the signer and was not competent evidence in this case for any purpose. Security Finance Co. v. A. L. Cook & Son, 223 Ky. 124, 3 S. W. (2d) 187. The court correctly excluded the writing from consideration, since it was not competent evidence, and was not admissible under the pleading. Wright v. Wheat, 224 Ky. 386, 6 S. W. (2d) 458.

It is now insisted that the court erred, after the offered writing was rejected, in excluding the oral testimony respecting the terms of the contract claimed to have been made when the original note was given. But an oral contract could not be proven to impeach the terms of a promissory note, absolute upon its face. Lincoln v. Burbank, 218 Ky. 89, 290 S. W. 1081; Barret v. Clarke, 226 Ky. 109, 9 S. W. (2d) 1091.

It was also alleged in the answer that representations were made to the effect that the plaintiff had the exclusive right to operate the "penny scales" purchased by defendants in a certain territory, when in fact they did not have such right. But there was no counterclaim for damages or any proof of loss to the defendants on account of that representation. A. C. Morris & Co. v. Heaton, 235 Ky. 66, 29 S. W. (2d) 617. The "scales" were in operation when purchased, and it does not appear that defendants desired to occupy any other ter-

ritory or to purchase any more equipment, or that plaintiff prevented them from doing so. The pleading fails to disclose that defendants were damaged by the alleged representations. Langan & Taylor Storage & Moving Co. v. Tennelly, 122 Ky. 808, 93 S. W. 1, 29 Ky. Law Rep. 367; Johnson v. International Shoe Co., 228 Ky. 450, 15 S. W. (2d) 270.

The answer failed to set up any defense to the note exhibited with the petition, and the trial court did not err in rendering judgment for the plaintiff.

The judgment is affirmed.