## Bucca v. Dobos et al.

(Decided June 19, 1931.)

RAY O. SHEHAN for appellant.

B. M. LEE for appellees.

778

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

Appellant brought this suit on a promissory note of date January 11, 1929, executed by the appellees in the principal sum of $500, and payable six months after its date, with interest. Appellees by their answer admitted the execution of the note, but stated that they were not liable upon it for these reasons: Appellant had turned over to them a used Cadillac car for them to keep, sell or return as they might wish; that they executed to him the note in question for the car, but that appellant agreed to return the note to them in the event they elected not to keep the car or had not sold it to some third party; that they had not sold the car, and had elected to return the car to appellant, but that he declined to receive it. Appellees' answer also contained a counterclaim for repairs made upon the car and for storage paid for it. The appellant's demurrer to this answer was overruled, and thereupon he traversed its allegations and averred the transaction was an outright sale of the car. On the trial, each side introduced evidence to support its position. The court instructed the jury to find for appellant unless it believed the agreement, as set up by the appellees, had been established by the proof, in which event it should find for the appellees. The jury found for appellees, and this appeal results.

Appellant was clearly entitled to the peremptory instruction he asked. In the case of Lincoln v. Burbank, 218 Ky. 89, 290 S. W. 1081, we held that in the absence of a plea that a condition subsequent relied upon to defeat a promissory note was omitted from the note through fraud or mistake, parol evidence of such condition subsequent was inadmissible to vary the unconditional promise to pay found in the note. To the same effect is Payne v. Claypool, 235 Ky. 526, 31 S. W. (2d) 901. Appellees admitted the execution of the note, but undertook to vary its terms by a showing that they were not bound to pay it if they elected to return the car for which the note was given. In the absence of a plea that this condition subsequent was omitted from the note through fraud or mistake, the admission of this evidence over appellant's objection was plainly erroneous. Further, in the absence of the indicated plea of fraud or mistake, the answer of appellees interposed no defense.

For the reasons indicated, the judgment is reversed, with instructions to grant the appellant a new trial in conformity with this opinion. All other questions are reserved.