# Geary-Gay Motor Company v. Chasteen.

(Decided Feb. 21, 1933.)

J. W. JONES for appellant.
L. G. CAMPBELL for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

The C. I. T. Corporation claiming to be the owner of a certain Pontiac coupe, 1929 model, filed this action in the Fayette circuit court against John Riley Chasteen to recover the possession of it. He purchased the machine on the 26th day of March, 1931, of the Geary-Gay Motor Company, for which he executed and delivered to it his note for $364.80, payable in twelve equal, monthly, installments of $30.40. At the time he purchased it, he executed and delivered to the Geary-Gay Motor Company a contract wherein he agreed that the title or the ownership of the machine was vested in the Geary-Gay Motor Company and its assignees until his note was fully paid, at which time the ownership was to pass to him. The contract, in form, terms, and provisions, complies with section 2651b-1 et seq., Ky. Statutes, commonly known as the "Uniform Sales Act." The agreed price of the automobile was $584.80, of which $200 was paid by a Chevrolet, delivered by him at the time of his purchase to the Geary-Gay Motor Company; the balance was evidenced by his note. He took possession of the Pontiac coupe and used it for a period of five or six months, during which time a wheel was broken by his use and repaired at his expense. From the time of the entering into the contract and the execution of his note until this action was filed,

he had paid only $60.80. The contract and note were assigned and delivered by the Geary-Gay Motor Company to the C. I. T. Corporation. Instead of rescinding the contract, as authorized by section 2651b-65. Ky. Statutes, it filed this action to recover possession of the automobile. Chasteen traversed the allegations of the petition and set forth affirmative facts sufficient, as he conceived, to constitute a defense to the action of the C. I. T. Corporation, and also as a cross-petition against the Geary-Gay Motor Company. He charged that the Geary-Gay Motor Company agreed that in two or three days after the date of the contract it would deliver to him, through the United States mail, a transfer of the Pontiac coupe, as required by section 2739g-14, and that he, relying in good faith on this promise, executed and delivered the contract and note, but that it had ever since failed and refused to deliver the transfer or the bill of sale of the coupe, and thus breached its contract, and therefore "the contract was without any valuable consideration and void." He asked for a cancellation of the contract and note, and the return to him of a Chevrolet, or its value of $200, and of his note, and for a judgment for the $60.80. The Geary-Gay Motor Company traversed the allegations of the cross-petition. The circuit court on the pleadings and evidence canceled the contract and note, entered a judgment in his favor against the Geary-Gay Motor Company for the return of the Chevrolet or its value, $200, and for the $60.80. Pending the action, the C. I. T. Corporation and the Geary-Gay Motor Company settled between themselves, and the latter became the owner of the Chasteen contract and note. It prosecutes this appeal.

It will be observed that Chasteen's cause of action is based upon the allegation that the Geary-Gay Motor Company promised to deliver to him "within two or three days thereafter, through the United States mail, a legal and executed transfer of the Pontiac coupe as required by section 2739g-14," and that he relied upon this promise and entered into the written contract, and executed and delivered the note. It is elementary that where the parties reduce their engagement to writing in such terms as to make it a complete contract, their rights must be controlled thereby, and, in the absence of an allegation of fraud, or mutual mistake, all evidence of a contemporaneous oral agreement on the

same subject-matter, varying, modifying, or contradicting the written agreement, is incompetent. This elementary rule has been consistently applied by this court, beginning with the case of Turpin's Adm'r v. Marksberry, 3 J. J. Marsh. 622, and including Coons v. Bank of Commerce, 233 Ky. 457, 26 S. W. (2d) 15. Also a verbal agreement is inadmissible to vary or contradict the terms of a note, containing an unconditional promise to pay (Payne v. Claypool, 235 Ky. 526, 31 S. W. [2d] 901), in the absence of both an allegation and proof of fraud, or mutual mistake. When Chasteen's answer, counterclaim, and cross-petition are tested by these principles, it is apparent that the same do not state facts sufficient to constitute a defense to the contract and note, or a cross-petition against the Geary-Gay Motor Company. Also the evidence adduced in support thereof, when measured by the same principles, was incompetent, and insufficient to support the judgment rendered. Other questions are presented and discussed in the briefs, but it is unnecessary to consider them to dispose of the case.

For the reasons indicated, the motion for an appeal is sustained, the appeal granted, and the judgment is reversed, for the proceedings consistent with this opinion.